WILLIAM L. CUSHING and others

*v.*

GEORGE W. BLAKE and others.

A, in contemplation of marriage, conveyed lands to B, in trust for the sole and separate benefit of his intended wife, and upon the further trust to convey to such persons as she, during her life, might appoint, either by deed or will, and, upon failure thereof, to her heirs at law forever. A, together with one child of the marriage, survived his wife, who died without appointment.—*Held*, that the estate of the wife was an equitable fee-simple, in which A was entitled to curtesy.

---

On bill and general demurrer.

---

NOTE.—A father, "for the purpose of promoting the interest of E. [wife of his son], separate and apart from that of her husband," by deed conveyed lands to a trustee "for the said E., her heirs and assigns forever, and for her and their sole and separate use and bene-

*Mr. W. S. Whitehead,* for demurrants.

*Mr. F. W. Stevens,* for complainants.

THE CHANCELLOR.

William Durbridge, contemplating marriage with Jose-
phine, daughter of George W. Blake, purchased and caused
to be conveyed to Blake, for her benefit, certain lots of land
and premises in the city of Newark. Part of the purchase-
money of the property was paid by Durbridge, and the bal-
ance was secured by mortgage on the property. The deed
to Blake was dated on the 1st of August, 1851. Blake
executed and delivered a declaration of trust of that date,
by which, after reciting the conveyance to him, and the fact
that the marriage was about to take place, and that the con-
veyance of the property had been made to him in considera-
tion of the marriage, in order that the property might be
" safely and securely settled upon and for the benefit of and
in trust for the said Josephine, separate and apart from her
husband," he acknowledged and declared that he received
the deed and was nominated as grantee therein, and had,
held and possessed the premises only in trust to and for the
sole use and benefit of Josephine, separate and apart from
Durbridge, before or after her intended marriage with him,
and to permit her to occupy and possess the premises so far

---

fit," with a power of sale by the trustee (the wife and her heirs con-
senting and joining in the deed), the proceeds to be paid to her for
her sole and separate use, and to be disposed of as she might think
proper, by will, deed or otherwise." The power was never exercised,
and E. having died, leaving issue,—*Held,* that her husband was enti-
tled to curtesy in her estate. *Ege* v. *Medlar,* 82 *Pa. St.* 86.

By a marriage settlement the property of the wife was conveyed to
trustees for the benefit of the wife during coverture, free from the
control and not liable for the debts of the husband, with power in
the wife to dispose of the same, either by will or deed. The wife died,
with issue surviving, and without disposing of the property.—*Held,*
that the husband was entitled to curtesy in the real estate. *Jones* v.
*Brown,* 1 *Md. Ch.* 191. See *Booker* v. *Booker,* 32 *Ala.* 473.

By a decree of the court of chancery a wife held an equitable estate
in lands in the hands of a trustee to receive the rents and profits, and
to pay the same to her and her heirs, with a power vested in her to

as she should desire; and as to so much thereof as she should not desire to occupy, to rent it, under her direction, and receive and pay to her, upon her separate receipt, the rents, issues and profits thereof; and, on the further trust, that he would, whenever thereto required by writing under her hand, during her life-time, convey the property to such person or persons as she should appoint, and at her decease to such person as she should, by her last will or writing in the nature thereof, have appointed, or, on failure of such will or writing, to her heirs at law, to hold to them, their heirs and assigns forever.

The marriage took place. The wife died, leaving one child, a daughter, the issue of the marriage, and without having disposed of the property, or any part of it, in her life-time, and without having made any will or executed any writing in the nature thereof. Her husband survives her. The trustee died, and the trust descended to his eldest son, George W. Blake.

The bill is filed for a decree declaring that Durbridge, on the death of his wife, became entitled to an equitable estate by the curtesy in the premises, and for an account from the last-mentioned George W. Blake of the rents, issues and profits of the property from that time.

The question presented for consideration is, whether Durbridge is entitled to such estate. By virtue of the rule

---

declare, by deed or will, the uses and trusts for which said trustee should hold said lands. On her death, without executing the power, leaving children,—*Held*, that her surviving husband was entitled to an estate by the curtesy. *Baker* v. *Heiskell*, 1 *Cold.* (*Tenn.*) 641.

Under a marriage settlement by a husband, "to hold the same for the sole and separate use, behoof and benefit of her [the wife], her heirs and assigns forever, free from the debts, contracts or control of her husband," with no provision in the settlement for the disposition of the estate in case of the wife's death,—*Held*, that the husband surviving was entitled to curtesy. *Frazer* v. *Hightower*, 1 *Tenn. Leg. Rep.* 190.

A wife granted her separate property to S., in trust, for seventy-five years, to pay the rents, etc. unto such persons as she should appoint, and in default of such appointment, then to herself, for her sole and separate use; and, further, that S. should transfer to such persons as she, by will, should appoint, and in default thereof, then to her heirs.

Cushing *v.* Blake.

in *Shelly's Case*, Mrs. Durbridge's estate in the property
was an equitable estate in fee-simple; and it is most mani-
fest, from the declaration of trust, that the intention of Dur-
bridge was to secure to her the fee of the property. It was
not intended that her estate should be a mere life-estate, for
no such limitation is expressed, and she had power to dis-
pose of the property in fee, in her life-time or by her will.
The trustee was bound to convey it at her direction, in her
life-time, and, in default of such direction, he was bound to
convey it to such person as she should, by her will, or writ-
ing in the nature thereof, appoint. And should no such
disposition have been made at her death, he was then to
convey it to her heirs at law, in fee. The trust was clearly,
as appears by the declaration, created for her benefit, to
give her absolute and complete control over the property
and of the disposition of it. So far from there being any
evidence of an intention to limit her estate to an estate for
her life, the very reverse appears.

But it is urged by the defendants that the rule above
mentioned is not applicable, because the trust was not
executed, but was executory. An executed trust is one
where the limitations of the equitable interest are complete
and final, while an executory trust is one where the limita-
tions of the equitable interest are intended to serve merely
as minutes or instructions for perfecting the settlement at

She died without testamentary appointment, leaving a husband and
children.—*Held*, that her husband took an estate by the curtesy.
*Lowry* v. *Steele*, 4 *Ohio* 170; see, also, *Alexander* v. *Warrance*, 17 *Mo.* 228.

Under a devise of land for the separate use of a *feme covert*, to be
disposed of as she might think proper, the trust to determine with the
husband's death; and the wife dying first, leaving issue,—*Held*, that
the husband was tenant by the curtesy. *Payne* v. *Payne*, 11 *B. Mon.*
(*Ky.*) 138; see, also, *Smith* v. *Maxwell*, 1 *Hill* (*S. C.*) *Ch.* 101; *Watkins* v.
*Watkins*, *Vern. & S.* 61.

• In a settlement of *personal* property, with power of appointment, by
will, in the wife, but no provision for the survivorship of the husband,
the wife having died without making any appointment,—*Held*, that
her husband, as administrator, was entitled to the whole. *Pickett* v.
*Chilton*, 5 *Munf.* (*Va.*) 467. To the same effect, see *Fetliplace* v. *Gorges*,
1 *Ves.* 46, 49; *Stewart* v. *Stewart*, 7 *Johns. Ch.* 229; *Cooney* v. *Woodburn*, 33
*Md.* 320; *Pratt* v. *Wright*, 5 *Mo.* 192; *Mitchell* v. *Moors*, 16 *Gratt.* (*Va.*) 275.

some future period. *Lewin on Trusts* 144. The words " executed" and " executory " refer rather to the manner and perfection of the creation of the trusts, than to the action of the trustee in administering the property. A trust created by deed or will, so clear and certain in all its terms and limitations that the trustee has nothing to do but to carry out all the provisions of the instrument according to its letter, is called an executed trust. In these trusts, technical words receive their legal meaning, and the rules applicable to legal estates govern the equitable estates thus created. On the other hand, an executory trust is where an estate is conveyed to the trustee upon trust, to be by him settled or conveyed upon other trusts in certain contingencies or upon other events, and these other trusts are imperfectly stated, or mere outlines of them are stated, to be afterwards drawn out in a formal manner, and are to be carried into effect according to the final form which the details and limitations shall take under the directions thus given. *Perry on Trusts*, § 359.

Said Lord St. Leonards, in *Egerton* v. *Earl Brownlow*, 4 *H. of L. Cas.* 1: "All trusts are in a sense executory, because a trust cannot be executed except by conveyance, and therefore there is always something to be done. But that is not the sense which a court of equity puts upon the term ' executory trust.' A court of equity considers an

---

For instances of marriage settlements, whereby the husband deprived himself of any right to curtesy, see *Adams* v. *Dickson*, 23 *Geo.* 406 ; *Mason* v. *Deese*, 30 *Geo.* 308 ; *Hooker* v. *Lee*, 7 *Ired.* (*N. C.*) *Eq.* 83 ; *Ward* v. *Thompson*, 6 *Gill & Johns.* (*Md.*) 349 ; *Townsend* v. *Matthews.* 10 *Md.* 251.

If a power of disposal by will be reserved to the wife, its due execution will, of course, deprive him of curtesy. *Pool* v. *Blakie*, 53 *Ill.* 495 ; see *Clark* v. *Clark*, 24 *Barb.* (*N. Y.*) 581 ; *Steward* v. *Ross*, 50 *Miss.* 776.

After a marriage settlement providing that " the marriage shall not alter, change, or in any way affect the right of property ; but that each of their property shall be at their own disposal, and go to their heirs and assigns in the same manner as though the marriage had not taken place," the wife alone executed a mortgage, in 1809, upon her own lands, to secure a bond given by her before marriage.—*Held*, that the rights of the husband in his wife's realty could not be barred at law, except by his joining in the mortgage, notwithstanding the settlement. *Den, Camp* v. *Quinby, Pen.* 985.—Rep.

executory trust as distinguished from a trust executing itself, and distinguishes the two in this manner: Has the testator been what is called, and very properly called, his own conveyancer ?   Has he left it to the court to make out, from general expressions, what his intention is ? or has he so defined that intention that you have nothing to do but to take the limitations he has given to you and convert them into legal estates?"

It is very clear that the trust in the case under consideration was not executory, but was executed.   There remained, on the death of Mrs. Durbridge, nothing for the trustee to do but to convey the legal estate to her heirs, to convert their equitable estate into a legal one by conveyance to them.   The heirs of Mrs. Durbridge did not take by purchase, but by descent.   Her husband, at her death, became entitled to an estate by the curtesy in the property, and that, too, although the trust was for her separate use.   It is to be observed that there are no words in the declaration indicating an intention to exclude the husband from his curtesy.   The limitation to the heirs of the wife after her death will not exclude him.   *Lewin on Trusts* 623; *Perry on Trusts*, § 324; *Clancy on Husband and Wife* 193, 194.

In *Follett* v. *Tyrer*, 14 *Sim.* 125, the wife's freehold estates were, by marriage settlement, vested in a trustee in trust for her separate use during her life, remainder to such persons as she should appoint by deed or will, and, in default of appointment, in trust for her right heirs.   She died without having made any appointment, leaving her husband and a son surviving.   After her death, the trustee sold the estates under a power in the settlement which directed that the proceeds be invested in the purchase of other lands, or on mortgage, or in the funds, and that the securities be held on the trusts aforesaid.   It was held by Sir Launcelot Shadwell that, on the wife's death, the husband became equitable tenant by the curtesy of the estates.   In pronouncing judgment, the vice-chancellor said: " The case is precisely similar to *Morgan* v. *Morgan*, (5 *Madd.* 408.)   The

Cushing *v.* Blake.

legal estate in the settled property was vested in Mrs. Ken-
ney (the trustee) in trust for the separate use of Mrs.
Hughes during her life, with remainder for such person or
persons as she should appoint, and, in default of appoint-
ment, in trust for her right heirs. So that, all along, she
was seized in equity of the fee-simple of the estate, with
power to defeat that seizin, either wholly or partially. She
did not, however, exercise that power; and, therefore, at
her death, she was seized of the equitable inheritance in
fee-simple, and her husband became equitable tenant by the
curtesy of the estates."

In *Moore* v. *Webster, L. R.* (3 *Eq.*) 267, Sir John Stuart,
V. C., says: " The authorities are as clear as the princi-
ple. Real estate may be limited to the separate use of
a wife, so as not to exclude entirely the husband's marital
rights; and, unless his marital right be wholly excluded, he
is not necessarily excluded from being tenant by the cur-
tesy. Lord Hardwicke, Sir John Leach and Sir Launcelot
Shadwell have held that where the husband is not excluded
from all interest in the fee, he is not excluded from being
tenant by the curtesy."

And in *Appleton* v. *Rowley, L. R.* (8 *Eq.*) 139, where
there was a devise of freeholds to trustees upon trust, to
stand possessed thereof unto and to the use of a married
woman, her heirs and assigns forever, for her separate use,
and she died, leaving a child, Sir R. Malins, V. C., held
that her husband was entitled to curtesy in the property.
He said that the rules of equity are clear that the husband
is entitled to curtesy whenever the wife is, at law or in
equity, seized of an estate of inheritance; that the effect of
the devise in the case before him was to give the wife power
to alienate the property without the concurrence of her
husband; that if she had conveyed it by deed or devised it
by will, the trustees would have been bound to convey the
legal estate to any person taking under such deed or will;
that she had the whole equitable estate in fee-simple; that
the separate use clause was for the protection of the wife,

and would have entitled her, as against her husband, to make an alienation; that she, having died without making any disposition of the property, and being seized of the equitable estate in possession, her husband was entitled to curtesy, and that it would be contrary to every principle that a clause introduced for the benefit and protection of the wife should prevent the husband from having his right to the curtesy. He concluded, from a review of all the cases, and upon the sound principles of law, that wherever a wife is seized of an estate in fee-simple, or fee-tail in possession, whether legal or equitable, the husband cannot be excluded from the curtesy.

In *Mullaney* v. *Mullaney*, 3 *Gr. Ch.* 16, a testator devised to his daughter a farm in fee, but not to be in any manner subject to the sale or disposal of her husband in any way, manner or form whatever. It was held that the husband was entitled to curtesy. See, also, *Morgan* v. *Morgan*, 5 *Madd.* 408, and *Tillinghast* v. *Coggeshall*, 7 *R. I.* 383.

The equitable estate given to the wife in the case under consideration, is precisely like the legal estate which, under our present statute law, a married woman has in lands acquired by her in fee-simple absolute. In such land her husband will, if the legal requisites to the estate exist, be entitled, on her death, to tenancy by the curtesy. *Porch* v. *Fries*, 3 *C. E. Gr.* 204; *Rev.* p. 638, §§ 9, 14. In the case in hand, the wife had equitable seizin. She had, by her trustee, actual possession and receipt of the rents, issues, and profits. *Casborne* v. *Scarfe*, 1 *Atk.* 603, 606; *Parker* v. *Carter*, 4 *Hare* 400.

Nor will the fact that the trust proceeded from Durbridge himself, exclude him from his curtesy. If, instead of causing the land to be conveyed in trust for his intended wife, he had himself conveyed it to her directly, the fact that she thus derived the title from him would not have debarred him from his curtesy, if otherwise he would have been entitled to it. Indeed, it would seem that where a gift is made under such circumstances, by the husband to the wife for

her benefit, the curtesy should be favored rather than the contrary.   There is nothing unreasonable in a provision of law that, under such circumstances, the husband should, at the death of the wife, if she shall not have disposed of the property, have the same right to it which he would have had had the gift proceeded from some one else, or had the property been purchased with her own money.   The case of *Rigler* v. *Cloud*, 14 *Pa. St.* 361, throws no light on this subject.   It merely assumes, without reasoning, that the husband, under a trust deed similar to the one under consideration, can have no tenancy by the curtesy.

The demurrer will be overruled, with costs.