Cushing *v.* Blake.

# William L. Cushing

*v.*

# George W. Blake.

1. In equity, equitable estates are considered as legal estates, and are subject to the same incidents, properties and consequences as, under like circumstances, belong to similar estates at law.

2. A husband is entitled to curtesy in the wife's equitable estate of inheritance, if the requisites of such a title in legal estates existed. Actual possession of the estate, or the receipt of rents, issues and profits by her, or possession by her trustee for her benefit, is considered as such seizin of the equitable estate as is equivalent to legal seizin.

3. The husband's curtesy is one of the legal incidents of the wife's estate of inheritance, and he will not be excluded from rights in property springing from the marital relation, except by words that leave no doubt of the intention. The fact that the limitation is to the wife, for her sole and separate use during her life, will not defeat his right as tenant by the curtesy.

4. In construing the limitations of trusts, courts of equity adopt the rules of law applicable to legal estates. The rule in *Shelley's Case* is applicable to equitable as well as legal estates.

5. In some cases, and for certain purposes, a court of equity, where the trust is what is known as an executory trust, will so deal with it as to give effect to the general intent of the creator of it, without adherence to the strict legal effect of the terms in which it is expressed.

6. The distinction between executed and executory trusts depends upon the manner in which the trust is declared. When the limitations and trusts are fully and perfectly declared, the trust is regarded as an executed trust. It is only where the limitations are imperfectly declared, and the intent of the creator is expressed in general terms, leaving the manner in which his intent is to be carried into effect substantially in the discretion of the trustee, that a court of equity regards the trust as an executory trust, and will direct the trust to be executed upon a construction different from that which the instrument would receive in a court of law.

7. A mere direction to the trustee to convey, will not convert a trust into an executory trust. If the trusts are fully and accurately expressed, the rights of the beneficiaries are not affected by the direction to convey; the conveyance must conform to their rights as declared, and the equitable estate immediately vests accordingly.

8. In one respect there is a difference between marriage articles and a devise by will. When technical terms are used in an agreement for a settlement, in view of marriage, which, under the artificial rule in *Shelley's Case,* would create an estate in fee or in tail, the court will infer, from the nature of the agreement, that the parties contemplated provision for the issue of the marriage, which should not be liable to immediate destruction by the act of the parties, and will direct the settlement to be executed in such a manner as will prevent the destruction of the limitations over to the issue. But this doctrine is applicable only so long as the agreement for a settlement remains a matter of contract. If the parties have themselves completed the settlement by a deed complete in itself, so that it requires only to be obeyed and fulfilled by the trustee according to the provisions of the settlement, the trust will be construed in the same manner as other trusts for the same purposes.

9. D., contemplating marriage, purchased and caused to be conveyed to B. certain lands, for the benefit of his intended wife. B. executed a declaration of trust, whereby, after reciting the conveyance to him and the fact that the marriage was about to take place, he acknowledged and declared that he held the premises in trust to and for the sole use and benefit of the intended wife, separate and apart from her intended husband, before and after her intended marriage; and, on the further trust, to convey to such person or persons as she, in her life-time, by writing, or by her last will or writing in the nature thereof, should appoint, and, on failure of such appointment, to her heirs at law, to hold to them, their heirs and assigns forever. The marriage took place, and the wife died, leaving issue of the marriage.—*Held,* that the husband was entitled to curtesy in the premises so conveyed in trust.

On appeal from a decree of the chancellor, whose opinion may be found in *Cushing* v. *Blake,* 2 *Stew.* 399.

*Mr. W. S. Whitehead,* for the appellant.

*Mr. F. W. Stevens, contra.*

William Durbridge, contemplating marriage with Josephine, daughter of George W. Blake, purchased and caused to be conveyed to Blake, for her benefit, certain lands in the city of New York; part of the purchase-money was paid by Durbridge, and the balance was secured by mortgage on the

property; Blake executed and delivered a declaration of trust, by which, after reciting the conveyance to him, and the fact that the marriage was about to take place, and that the conveyance of the property had been made to him in consideration of the marriage, in order that the property might be "safely and securely settled upon, and for the benefit of, and in trust for the said Josephine, separate and apart from her husband," he acknowledged and declared that he received the deed, and was nominated as grantee therein, and held and possessed the premises only in trust to and for the sole use and benefit of Josephine, separate and apart from Durbridge, before or after her intended marriage with him, and to permit her to occupy and possess the premises so far as she should desire, and as to so much thereof as she should not desire to occupy, to rent it under her direction, and to receive and pay to her, upon her separate receipt, the rents, issues and profits thereof; and on the further trust that he would, whenever thereto required by writing, under her hand, during her life-time, convey the property to such person or persons as she should appoint, and at her decease to such person as she should, by her last will, or writing in the nature thereof, have appointed, or, on failure of such will or writing, to her heirs at law, to hold to them, their heirs and assigns forever. The marriage took place; the wife died, leaving one child, the issue of the marriage, and without having disposed of the property, or any part of it, in her life-time, and without having made any will or executed any writing in the nature thereof. Her husband survives her.

After the death of the wife, Durbridge conveyed his life estate to the complainant. The bill is filed for a decree declaring that Durbridge, on the death of his wife, became entitled to an equitable estate by the curtesy in the premises.

The chancellor held that the husband was entitled to an estate by the curtesy in the premises. From that decree the defendant appealed.

*Mr. Wm. Silas Whitehead*, for appellants.

I. It is admitted that if Mrs. Durbridge took, under the terms of the trust, an equitable estate of inheritance, in fee-simple, and if the rule in *Shelley's Case* applies, the husband is entitled to curtesy.

II. But it is insisted that the trust in this case is *executory* and not *executed.*

" There is a settled distinction between trusts executory and trusts executed.   In the former something is left to be done, some  conveyance thereafter to be made ;  and where, as in the case of marriage articles, a trust is created to be subsequently carried into execution."

4 *Kent Comm.* \*219, \*304, \*305 ; 2 *Powell on Dev.* \*442; *Lewin on Trusts* 45 ; *Wood* v. *Burnham*, 6 *Paige* 514 ;  *Tallman* v. *Wood*, 26 *Wend.* 20 ;  *Edmondson* v. *Dyson*, 2 *Kelly* (*Ga.*) 307 ;  *Wiley* v. *Smith*, 3 *Kelly* (*Ga.*) 551 ;  *Porter* v. *Doby*, 2 *Rich. Eq.* 49 ; *Saunders* v. *Edwards*, 2 *Jones Eq.* 134.

III. The trust in question was created under a marriage settlement.

IV. In cases of executory trusts, and of marriage settlements, it is the settled doctrine that the application of the rule in *Shelley's Case* is arrested, and courts of equity will examine into and effectuate the intention of the settler, and will construe the deed of settlement or articles in accordance with that intention, notwithstanding the rule.

(*a*) As to cases of devises and trust deeds.

*Maddock's Ch.* \*449 ; *Roberts* v. *Dixwell*, 1 *Atk.* 607 ; *Papillion* v. *Voice*, 2 *P. Wms.* 471–478 ; 1 *White & Tudor's Lead. Cas. in Eq.* 36 ; *Wood* v. *Burnham*, 6 *Paige* 514 ; *Tallman* v. *Wood*, 26 *Wend.* 20 ; *Saunders* v. *Edwards*, 2 *Jones Eq.* 134 ; *Edmundson* v. *Dyson*, 2 *Kelly* 307 ; *Wiley* v. *Smith*, 3 *Kelly* 551 ; *Porter* v. *Doby*, 2 *Rich. Eq.* 49.

(*b*) As to marriage settlements.

2 *Washburn on Real Prop.* 182 ; 1 *White & Tudor's Lead. Cas.* 21 ; *Id.* 47 ; 2 *Story's Eq. Jur.*, § 984 ; *Jervois* v. *Duke*

Cushing *v.* Blake.

of *Northumberland,* 1 *Jac. & W.* 573; *Hearle* v. *Greenbank,* 3 *Atk.* 695; *Bennett* v. *Davis,* 2 *P. Wms.* 316; *Garner* v. *Garner,* 1 *Desauss.* 437.

V. The trust in question being executory, and being, moreover, created by a marriage settlement, it is to be moulded by the court in accordance with the intention of the settler.

VI. The following are some cases in which it has been held that the husband is not entitled as tenant by the curtesy:

Where real estate is limited to the separate use of the wife, so as to leave to the husband no legal or equitable interest in the estate, he cannot be tenant by the curtesy.

*Moore* v. *Webster, L. R.* (3 *Eq.*) 267.

A husband is not entitled to an estate by the curtesy out of land devised to a trustee for the sole and separate use of the wife in fee-simple.

*Cockran* v. *O'Hern,* 4 *W. & S.* 95; *Stokes* v. *McKibbin,* 13 *Pa.* 267; *Rigler* v. *Cloud,* 14 *Pa. St.* 361; *Berry* v. *Williamson,* 11 *B. Mon.* 245–257; *Adams* v. *Dickson,* 23 *Ga.* 406; *Mason* v. *Deese,* 30 *Ga.* 308; *Hooker* v. *Lee,* 7 *Ired. Eq.* 83; *Ward* v. *Thompson,* 6 *Gill* 349; *Townsend* v. *Matthews,* 10 *Md.* 251.

*Mr. Fred. W. Stevens,* for respondents.

I. That the husband is entitled to curtesy in his wife's equitable estate of inheritance, is well settled (*Clancy's Rights of Married Women* \*186; *Perry on Trusts,* § 324; 1 *Greenleaf's Cruise, Book I.,* \*147; *Morgan* v. *Morgan,* 5 *Madd.* 408; *Follett* v. *Tyler,* 14 *Sim.* 125); though the rents and profits are to be paid to her separate use during the coverture (4 *Kent Comm.* \*31; *Clancy's Rights of Married Women, chap. V.,* \*282; *Mullany* v. *Mullany,* 3 *Gr. Ch.* 16, 20; *Appleton* v. *Rowley, L. R.* (8 *Eq.*) 139).

So that the main question in this case is, whether the wife, under the above conveyance and declaration of trust, has an

45

equitable inheritance, and this depends upon the question, whether the case in hand is to be governed by the rule in *Shelley's Case* (see *Adams* v. *Ross*, 1 *Vr.* 512); *Greenleaf's Cruise, Book IV.*, Deed ch. 23, *305.

II. The rule applies as well to trusts as to legal estates (*Lord Glenarchy* v. *Bosville*, 1 *Lead. Cas. in Eq.* *19), and it would be conclusive upon the question at issue, had not a distinction been taken between its applicability to trusts *executed* and to trusts *executory*.    *Id.;* 4 *Kent Comm.* *232; Fearne on Rem.* *86.

It is admitted that there is a distinction between executed trusts and such as are executory; in the former case the rule applies; in the latter it does not, universally (*Lord Glenarchy* v. *Bosville*, 1 *Lead. Cas. in Eq.*, *19); and in the trust in question is contained a declaration that the trustee will, on the decease of Josephine, *convey*, in default of appointment, to her heirs at law.   Because of this agreement to convey, the trust is alleged to be executory; but it is clear, on the authorities, that a mere direction to convey, without more, will not render the trust executory, so as to take it out of the operation of the rule in *Shelley's Case.*   The trust only becomes executory with this effect, where, to use the language of Lord Talbot, in the case just cited, "*something is left to be done, viz., the trusts are left to be executed in a more careful and more accurate manner.*"   *Wood* v. *Burnham*, 6 *Paige* 520. The only exceptional case is *Edmondson* v. *Dyson*, 2 *Kelley* (*Ga.*) 307.   2 *Spence Eq. Jur.* *1132; *East* v. *Twyford*, 9 *Hare* *733; see, also, *Doncaster* v. *Doncaster*, 3 *Kay & J.* 26; *Herbert* v. *Blunden*, 1 *Dr. & Wal.* 78, 89; *Egerton* v. *Lord Brownlow*, 4 *H. L. Cas.* 209, 210; *Jervoise* v. *Duke of Northumberland*, 1 *Jac. & W.* 539; *Blackburn* v. *Stables*, 2 *V. & B.* 367; *Britton* v. *Twining*, 3 *Mer.* 176; *Marshall* v. *Bonsfield*, 2 *Madd.* 166.

III. Counsel, in the argument before the chancellor, cited some cases in which the husband's curtesy was excluded by express words.   Of this character are *Bennet* v. *Davis*, 2

*P. Wms.* 316; *Stokes* v. *McKibbin,* 13 *Pa. St.* 267; *Moore* v. *Webster, L. R.* (3 *Eq.*) 267. These cases have not always been followed; see *Mullany* v. *Mullany,* 3 *Gr. Ch.* 23; and, also, *Ege* v. *Medlar,* 82 *Pa. St.* 86.

Depue, J.

The doctrine of courts of equity is that equitable estates are considered, to all intents and purposes, as legal estates. In construing the limitations of a trust, courts of equity adopt the rules of law applicable to legal estates. The *cestui que trust* takes the same interest in duration as in a legal estate. Trust estates are subject to the same incidents, properties and consequences as, under like circumstances, belong to similar estates at law. They are alienable, devisable and descendible in the same manner. Though an equitable estate is incapable of livery of seizin, yet conveyances which operate by the statute of uses will transfer the equitable fee. Though the peculiar process of fines and recoveries is inappropriate to them, entails of equitable estates may nevertheless be destroyed by this process. The canons regulating the descent of legal estates govern the transmission of equitable estates. 2 *Spence Eq. Jur.* 876; 2 *Story Eq. Jur.* § 974; *Co. Lit.* 290b, *Butler's note XVI; Croxall* v. *Shererd,* 5 *Wall.* 268; *Mullany* v. *Mullany,* 3 *Gr. Ch.* 16; *Price* v. *Sisson,* 2 *Beas.* 168. In the note above referred to, Mr. Butler says: "The cases where the analogy" [between equitable and legal estates] "fails, are not numerous, and there is scarcely a rule of law or equity of more ancient origin, or which admits of fewer exceptions, than the rule that equity followeth the law."

A notable exception to the identity of equitable and legal estates formerly existed, in that a widow was not dowable in a trust estate. The grounds on which this exception rested are explained by Lord Redesdale, in *D'Arcy* v. *Blake,* 2 *Sch. & Lef.* 387. This anomaly was removed in this state by the statute of 1799 (*Pat.* 343), and in England by act of

parliament, 3 & 4 *Wm. IV*, c. 105 (*Smith* v. *Spencer*, 2 *Jur.* (*N. S.*) 778, *S. C. on appeal*, 3 *Id.* 193); and, both in England and in this state, a widow is now entitled to dower in an equitable estate of her husband, the same as in his legal estates.

With regard to curtesy, an equitable estate of inheritance in the wife always conferred on the husband an estate as tenant by the curtesy, if the requisites of such a title in a legal estate existed. Actual possession of the estate, or the receipt of the rents, issues and profits by the wife, or possession by her trustee for her benefit, is considered as such seizin of the equitable estate as is equivalent to legal seizin. *Lewin on Trusts* 622; *Watts* v. *Ball*, 1 *P. Wms.* 108; *Parker* v. *Carter*, 4 *Hare* 400. That the limitation of the equitable estate is to the sole and separate use of the wife during her life, will not defeat the husband's right as tenant by the curtesy. In *Roberts* v. *Dixwell*, 1 *Atk.* 607, it was said by Lord Hardwicke that, on a devise to a wife for her separate use, the husband is not barred of his tenancy by the curtesy. In a later case the same chancellor held that the husband was not entitled to curtesy in lands devised to the wife for her sole and separate use during her life, to be at her disposal, and not subject to the debts, power or control of her husband, with a power in her to dispose of the whole inheritance by deed or will, for the reason that the husband, being excluded from the possession and profits, had no seizin of the inheritance during coverture. *Hearle* v. *Greenbank*, 3 *Atk.* 695, *Hearle* v. *Greenbank*, though followed by V. C. Stuart, in *Moore* v. *Webster*, *L. R.* (3 *Eq.*) 267, has been overruled both in England and in this state. *Morgan* v. *Morgan*, 5 *Madd.* 408; *Follett* v. *Tyrer*, 14 *Sim.* 125; *Appleby* v. *Rowley*, *L. R.* (8 *Eq.*) 137; *Mullany* v. *Mullany*, 3 *Gr. Ch.* 16. Upon principle, as well as by the weight of authority, it may be regarded as settled that the husband's estate by the curtesy will arise in him at the death of his wife, though the limitation to her during her life is for her sole and

separate use, exclusive of any interest or control on the part of the husband. The limitation for her separate use terminates at her death. Seizin by the husband during coverture is not necessary to his curtesy. Possession in conformity with the equitable interests of the *cestui que trust*, whether by the *cestui que trust*, or by the trustee, is all that is essential to support the title of the husband as tenant by the curtesy. *Parker* v. *Carter*, 4 *Hare* 400. The husband will be entitled as tenant by the curtesy to the interest, during his life, of money directed to be invested in the purchase of land to be settled on a married woman, in fee or in tail, though no rent or interest was paid during the coverture. *Sweetapple.* v. *Bindon*, 2 *Vern.* 536; *Otway* v. *Hudson*, *Id.* 583; *Dodson* v. *Hay*, 3 *Bro. C. C.* 404; *Lewin on Trusts* 622. Curtesy is a legal incident of the wife's estate of inheritance, and is a right favored in the law. A husband will not be excluded from rights in the property of the wife springing from the marital relation, except by words that leave no doubt of the intention to do so. *Massey* v. *Parker*, 2 *Myl. & K.* 174, 181. The married woman's act most effectually makes the estate of the wife her separate estate, and yet it has not abolished the husband's curtesy after her death. *Johnson* v. *Cummings*, 1 *C. E. Gr.* 97; *Porch* v. *Fries*, 3 *Id.* 204.

In the present case the limitation over after the death of the wife, in default of an appointment by her, is to her heirs at law, to hold to them, their heirs and assigns, forever. Under the rule in *Shelley's Case*, such a limitation gives to the wife an estate in fee-simple in which the husband, having issue by her, would be entitled to curtesy, if her estate was a legal estate. The rule in *Shelley's Case* is applicable to equitable as well as legal estates. *Croxall* v. *Shererd*, 5 *Wall.* 268; and in no case whatever of a trust executed, have the words heirs, or heirs of the body, following a limitation to the ancestor for life, received a construction in equitable estates different from that which the same limitations would receive in legal estates. 1 *Preston on Est.* 386.

Cushing *v.* Blake.

The counsel who argued this case on behalf of the defendant has, therefore, placed his denial of the right of the husband to curtesy on the ground that the trust in this instance was an executory trust. In some cases, and for certain purposes, a court of equity, where the trust is what is known as an executory trust, will so deal with it as to give effect to the general intent of the creator of it, without adherence to the strict legal effect of the terms in which it is expressed.

In one sense every trust is executory. At common law every use was a trust. But by the statute of uses, certain uses were converted into legal estates, and, strictly speaking, every trust executed is a legal estate. In this sense the trust must be executory to bring the case at all within the jurisdiction of chancery. *Bagshaw* v. *Spencer*, 1 *Ves.* 142, 152. But this is not the sense in which the term executory trust is used as applicable to that class of cases in which equity will deal with the subject, without regard to the legal signification of the terms in which the trust is declared.

The earliest reported case in which the distinction is taken between executed and executory trusts, as administered in the court of chancery, is *Leonard* v. *Countess of Sussex*, 2 *Vern.* 526. This difference was first fully explained by Lord Chancellor Cowper, in *Earl of Stamford* v. *Hobart*, 1 *Bro. P. C.* 288; and, notwithstanding the doubt expressed by Lord Hardwicke in *Bagshaw* v. *Spencer*, this distinction is completely settled in the English courts. The leading cases on the subject are *Wright* v. *Pearson*, 1 *Eden* 119; *Austin* v. *Taylor, Id.* 361; *Jervoise* v. *Duke of Northumberland*, 1 *Jac. & W.* 559; *Boswell* v. *Dillon, Drury* 291, and in *Rochfort* v. *Fitzmaurice*, 2 *Dru. & War.* 1, in which Lord Chancellor Sugden discusses the earlier cases on the subject. From an examination of these cases, and many others which might be cited, the distinction will be found to rest on the manner in which the trust is declared.

Where the limitations and trusts are fully and perfectly declared, the trust is regarded as an executed trust. In such

a case, equity will not interfere and give effect to it on a construction different from what it would receive in a court of law. It is only where the limitations are imperfectly declared, and the intent of the creator is expressed in general terms, leaving the manner in which his intent is to be carried into effect substantially in the discretion of trustees, that a court of equity regards the trust as an executory trust, and will assume jurisdiction to direct the trust to be executed upon a construction different from that which the instrument creating it would receive in a court of law. These principles are so clearly and fully stated by Lord Chancellor Sugden, in *Boswell* v. *Dillon,* that the following quotation from his opinion may profitably be made: " By the term an executory trust, when used in its proper sense, we mean a trust in which some further act is directed to be done. Executory trusts in this way may be divided into two classes: one, in which, though something is required to be done (for example, a settlement to be executed), yet the testator has acted as his own conveyancer, as it is called, and defined the settlement to be made, and the court has nothing to do but to follow out and execute the intentions of the party, as appearing in the instrument. Such trusts, though executory, do not differ from ordinary limitations, and must be construed according to the principles applicable to legal estates depending upon the same words. The other species of executory trusts is, where the testator, directing a further act, has imperfectly stated what is to be done. In such cases, the court is invested with a larger discretion, and gives to the words a more liberal interpretation than they would have borne if they had stood by themselves."

This distinction between executed and executory trusts has been adopted by the courts of this state. *Mullany* v. *Mullany,* 3 *Gr. Ch.* 16; *Price* v. *Sisson,* 2 *Beas.* 168; *S. C. on appeal, sub nom. Weehawken Ferry Co.* v. *Sisson,* 2 *C. E. Gr.* 476. In the case last cited, Chief Justice Beasley, delivering the opinion of this court, said: "A critical examination of the decisions will show that, to be executory,

so as to fall within the relaxation of the ordinary rules of construction, the limitations of the equitable interest must be incomplete, and something must be left to the trustee to define and settle."

It is obvious, from what has already been said, that a mere direction to the trustee to convey, in accordance with trusts which have been fully defined, will not convert a trust into an executory trust in the sense which will sustain the views of the defendant's counsel. It is an essential part of every trust that the trustee shall convey the estate, when his duties require it, whether he has been expressly directed to do so or not. *Bagshaw* v. *Spencer*, 1 *Ves.* 152. "All trusts," says Lord St. Leonards, " are in a sense executory, because a trust cannot be executed except by conveyance, and, therefore, there is always something to be done; but this is not the sense which a court of equity puts upon the term executory trusts." *Egerton* v. *Earl Brownlow*, 4 *H. of L. Cas.* 1210.

In *Price* v. *Sisson, supra*, the deed creating the trust contained a direction to the trustee to convey, and yet the chancellor, and this court, regarded it as creating an executed trust, and subject to have its limitations construed by rules applicable to legal estates. The cases to the contrary are those in which the intent is expressed in general language, and the trusts, therefore, are imperfectly declared, so that it is apparent, on the face of the instrument, that it was contemplated that they should be executed by the trustees in a more accurate manner, to give effect to the intent expressed (*Lord Glenorchy* v. *Bosville, Cas. temp. Talb.* 3 ; *Leonard* v. *Countess of Sussex*, 2 *Vern.* 526; *Rochfort* v. *Fitzmaurice*, 2 *Dru. & War.* 1); or where some of the limitations are illegal, and the court is called upon to carry into effect the trusts declared, so far as the rules of law will permit. *Earl of Stamford* v. *Hobart*, 1 *Bro. P. C.* 288 ; *Humberston* v. *Humberston*, 2 *Vern.* 737. A conveyance by the trustee may be necessary for the purpose of investing the *cestuis que trust* with the legal estate ; but if the trusts are fully and

accurately expressed, the rights of the beneficiaries are not affected by the direction to convey; the conveyance must conform to their rights as declared, and the equitable estate immediately vests accordingly. *Stanley* v. *Stanley*, 16 *Ves.* 491; *Phipps* v. *Ackers*, 9 *Cl. & Fin.* 583, 594, 599, 601, 604; *Bowan* v. *Chase*, 94 *U. S.* 818.

It was further contended, that this case is excepted out of these rules for the construction of trusts in a court of equity, by the fact that the trust in question was in the nature of a marriage settlement.

There is a difference, in one respect, between marriage articles and a devise by will. Under the artificial rule in *Shelley's Case*, a gift to the ancestor for life, with a limitation over to heirs, or heirs of the body, creates in him an estate in fee or in tail, and the limitation over is capable of destruction by him, by conveyance or devise if the estate be a fee-simple, or by fine and common recovery if it be a fee-tail. When these technical terms are used in an agreement for a settlement, in view of marriage, the court will infer, from the nature of the agreement, that the parties contemplated provisions for the issue of the marriage, which should not be liable to immediate destruction by the act of the parties, and will direct the settlement to be made in such a manner as will prevent the destruction of the limitations over to issue. *Blackburn* v. *Stables*, 2 *V. & B.* 367; *Jervoise* v. *Duke of Northumberland*, 1 *Jac. & W.* 559; *Rochfort* v. *Fitzmaurice*, 2 *Dru. & War.* 18; *Sackville* v. *Viscount Holmesdale*, *L. R.* (4 *H. of L.*) 543. But this doctrine of the court is applicable only so long as the agreement for a settlement remains a matter of contract. If the parties have themselves completed the settlement by a deed, complete in itself, and perfect, so that it requires only to be obeyed and fulfilled by the trustees, according to the provisions of the settlement, the trust will be construed in the same manner as similar trusts created for other purposes. *Neves* v. *Scott*, 9 *How.* 196; *Tillinghast* v. *Coggeshall*, 7 *R. I.* 383; *Carroll* v. *Renich*, 7 *Sm. & M.* 798. A settlement intended as a final

and complete act, and not mere heads or minutes from which to prepare a settlement at a future time, will be construed according to strict legal rules, though the subject of the settlement be equitable property. *Atherly on Marriage Settlements* 151; 2 *Story Eq. Jur.* § 983.

In this case the trusts upon which the trustee was required to hold the estate, were definitely and perfectly expressed in the declaration of trust accompanying the conveyance, and he had no duties to perform but to hold and convey accordingly. The trusts are such as are regarded as executed trusts in a court of equity, and the estates created by the trust, and all the incidents connected therewith, are the same as would arise in law upon a legal conveyance expressed in the same language. Among these incidents is the right of the husband to his curtesy estate. *Morgan* v. *Morgan*, and *Follet* v. *Tyrer*, *supra*, are directly in point. These cases were decided upon conveyances to trustees by way of marriage settlements, in trust for the separate use of the wife during life, with power to appoint by deed or will, and, in default of appointment, in trust for her right heirs. In both cases the husband was adjudged his tenancy by the curtesy. In *Cunningham* v. *Moody*, 1 *Ves.* 174, the husband was allowed curtesy in money, agreed in marriage articles to be laid out in the purchase of lands, to be settled on the wife in tail.

The chancellor's decree should be affirmed.

Decree unanimously affirmed.