PAULINE K. RADLEY

v.

WILLIAM M. RADLEY et al.

[Decided November 13th, 1905.]

Where a woman and her husband executed a deed for certain of his property to a trustee, the deed reciting that it was for the purpose of placing the title in the trustee and his heirs free from the wife's dower or right of dower which she thereby released, the trustee to hold the property for the sole benefit of the husband and his heirs, to whom he should convey on written demand, the deed created merely a passive and not an active trust and of itself raised an equitable estate in fee in the husband, as to which the deed was not effective as a release of the wife's dower conferred by the Dower act. *2 Gen. Stat. p. 1275 § 1.* Construed in *Yeo v. Mercereau, 18 N. J. Law (3 Harr.) 387 (1842).*

On bill for dower. Heard on bill, answers, replications and proofs.

*Mr. Francis V. Dobbins,* for the complainant.

*Mr. George S. Silzer,* for the defendants, heirs-at-law.

*Mr. Edward S. Savage,* for the defendant Heald.

*Mr. Fred C. Hyer,* for the defendant Acken, trustee.

EMERY, V. C.

To a bill for dower, the heirs-at-law set up by their answer the defence that complainant released her right of dower by a conveyance of the property, made by herself and her husband in his lifetime, to the defendant Acken. They also deny that complainant was the wife of Alfred N. Radley, the intestate, but this defence was not urged after the proof of marriage made at the hearing. As to the conveyance, the proofs disclosed the

following facts bearing on the issues now involved: On November 18th, 1901, Alfred N. Radley and the complainant, Pauline K., his wife, as parties of the first part, executed and acknowledged a deed to the defendant Moses H. Acken, reciting as its consideration the payment of $1,000 to Pauline K. Radley and conveying to Acken in fee the premises in question, and further stating:

"The object of this conveyance being to place the legal title of the premises above described in Moses H. Acken, as trustee for Alfred N. Radley, his heirs or assigns, free and clear of the dower and right of dower of the said Pauline K. Radley, she having by these presents, for the consideration above expressed of one thousand dollars, the receipt whereof is hereby acknowledged, sold, assigned, transferred and released all her dower and right of dower in and to the land above described."

All estate, right and demand of the parties of the first part, as well in law as in equity, was also conveyed to Acken, his heirs and assigns forever, "in trust, nevertheless, and for the benefit of Alfred N. Radley, his heirs, executors, administrators and assigns." This deed was dated November 14th, 1901, and before its execution seems to have been submitted to the counsel of complainant. On its execution and acknowledgment, on the 18th, Mr. Harris, the commissioner of deeds who took the acknowledgment, received from the husband $1,000, and paid it over to the wife, as the consideration for the deed. Subsequently, and on November 20th, 1901, Acken executed and acknowledged a declaration of trust, reciting the conveyance to him and declaring that he held and would continue to hold the premises

"in trust only, for the use and benefit of the said Alfred N. Radley, his heirs and assigns, free and clear of the right of dower of the said Pauline K. Radley,"

to whom the consideration named in the deed was paid by Alfred N. Radley, for the release of her dower in said premises, and for himself and his heirs, he further covenanted to

"convey said premises or any part thereof by good and sufficient deed to the said Alfred N. Radley, or to his heirs and assigns whenever and as

soon as I or they shall be thereunto requested, in writing, free of dower
and clear and discharged of and from all and every encumbrance thereon
by me or my heirs."

The validity of the transaction as a post-nuptial settlement
on the wife, in lieu of dower, which a court of equity would
enforce as properly executed and reasonable, is not expressly in-
volved on the pleadings in this case. The wife has not attacked
the conveyance as unreasonable or improvidently made, nor, on
the other hand, have the heirs alleged or proved that it was a
reasonable settlement. At the hearing each party urges that the
burden of attacking or supporting the release as a settlement
is upon the other, and for the purposes of the present suit each
party stands on the deed alone. The only direct issue here
between the parties is therefore the effect of the wife's convey-
ance as a conveyance which is a bar to her dower, both at law
and in equity, so long as it stands unimpeached. The Dower
act (*2 Gen. Stat. p. 1275 § 1*) provides

"that the widow, whether alien or not, of any person dying intestate or
otherwise, shall be endowed for the term of her natural life of the one
full and equal third part of all the lands, tenements and other real estate
whereof her husband, or any other to his use, was seized of an estate of
inheritance, at any time during the coverture, to which she shall not have
relinquished or released her right of dower by deed executed and ac-
knowledged in the manner prescribed by law for that purpose."

The wife has in this case released her right of dower by deed
duly executed, but the question arises whether this deed to
Acken operated to release her right of dower in the equitable
estate of her husband, which was created by the deed itself. As
to dower in equitable estates, under our statute, it was held by
the supreme court, in *Yeo* v. *Mercereau, 18 N. J. Law (3 Harr.)
387 (1842)*, that the effect of the statute in extending dower
to lands whereof any other person was seized to the husband's
use, was to give the wife an estate in dower in all cases in
which, during the coverture, a third person was seized to the
use of the husband under such circumstances as in equity enti-
tled the husband or his heirs to a conveyance of the legal estate
and actual seizin and possession of the lands. It was not

thought or decided by the majority of the court (Chief-Justice Hornblower and Justices White and Elmer concurring) that dower in all trust estates was created (at *p. 391; &c.*), although Justice Nevius (at *p. 402*) thought it applied to estates held in, trust, and this general scope seems to have been given to the statute by Mr. Justice Depue, in *Cushing* v. *Blake, 30 N. J. Eq. (3 Stew.) 689, 695 (Court of Errors and Appeals, 1879)*.

In *Yeo* v. *Mercereau*, the widow was held entitled to dower in lands conveyed to a third person "in trust to and for the use of the husband and his heirs," and as to which the grantee six months subsequently executed a declaration of trust to the husband, covenanting "to convey the premises to him, his heirs and assigns at any time thereafter."

Under this decision the effect of the deed to Acken, in trust for the husband and his heirs, was to create at once, and by the deed itself as soon as it took effect at all, an equitable estate in fee in the husband, and the question for decision therefore is whether the release of dower given in the deed creating this trust estate operated on this equitable estate of Radley, which was the result of the deed. Had the deed simply conveyed the legal estate in fee to Acken without declaring or raising a trust, and had the equitable estate in Radley arisen by a subsequent conveyance to him, or by a declaration of trust creating a merely passive trust, then clearly the release of dower in the lands made by the previous deed would not reach to or affect the right to dower in the equitable estate arising in the husband subsequently to the deed. In such case the wife, notwithstanding the release to Acken, would be entitled to dower, because of the subsequent seizin of an estate to the use of her husband, just as she would have been entitled to dower under a deed subsequently conveying the legal title of the premises to her husband. But as the wife might, under the statute, by a subsequent deed, duly executed, have released her right of dower in this subsequently-acquired equitable or legal estate, the question is whether this deed is in fact operative as releasing the wife's dower, not only in the legal estate, which the deed expressly conveys, but also the dower in the equitable estate, which is created in the husband by the deed itself, which dower in the equitable estate arose by operation of

law, on the deed taking effect. That the parties intended the deed so to operate appears from the express declaration of the object of the conveyance, taken in connection with the express conveyance "in trust." Taking the whole conveyance, the object was to convey to Acken the legal title to be held in trust for Radley, free and clear of dower and right of dower of Mrs. Radley in the lands, the trust, so far as it was created by the deed itself, being a merely passive trust to hold the lands. But the case cannot be settled merely as a question of intention of the parties. It is a question as to the operation and legal effect of the deed, and whether this intention was carried into effect by the deed, or whether the deed, so far as the dower in the equitable estate of the husband created thereby is concerned, is not ineffective as a release of an estate, and is not merely an equitable agreement in reference to it, which may or may not be carried into effect as a post-nuptial settlement. In other words, the question is, did the release of dower in the equitable estate created by the deed have the operation of an executed conveyance of the estate in dower, or has it, as to this, only the effect of an executory contract?

Treating the case as one merely of the construction of the operation and effect of this deed on the equitable estate thereby created, I think the deed must be held not to operate as a conveyance or release of the dower in the equitable estate. The reason is that this right of dower in the equitable estate arose in the wife by operation of law as soon as the trust deed was executed and an equitable estate in the husband was created, and as an incident created by law in such equitable estate, and the parties could not by their deeds or declarations prevent the operation of the rules of law relating to the creation or vesting of estates, or the incidents of such estates. The wife might agree that the deed should bar her against any future claim to dower in the equitable estate, and such agreement might be enforced, and the conveyance may be treated in equity as sufficient evidence of such an agreement, but her mere release of dower to the grantee in trust did not of itself release or pass the right of dower in the trust estate which arose by the deed. The wife was not a party to the subsequent declaration of trust, and her rights

to dower depend, therefore, on the construction of the deed to Acken, the trustee. This deed created a purely passive trust in the grantee "for the benefit of Radley, his heirs, executors, administrators and assigns." By the subsequent declaration of trust, to which only the trustee and Radley were parties, the trustee covenanted to convey the premises to Radley, or to his heirs and assigns, upon request in writing, free of dower of the wife, and it may be that by this covenant an active trust was created in favor of the heirs of Radley. If an active trust in favor of the husband or his heirs had been created by the deed itself, a different situation might perhaps have resulted, for the decisions do not seem to go to the extent of giving the wife dower in equitable estates, where the trusts are active as distinguished from merely passive trusts, where the grantee's sole trust is to hold the legal title for the benefit of the husband. But the trust estate, so far as created by this deed of the wife, was only such purely passive trust to hold the title for the husband and his heirs. And as the trust to convey on request in writing was one subsequently created by a declaration of trust, to which the wife was not a party, she cannot be affected by it, and the question whether this declaration did create an active trust is not material in the present case, and I do not decide it. Under the pleadings and proofs as they now stand, the deed cannot be considered as in itself a bar to dower, nor can it be considered as being a post-nuptial settlement which should be enforced to bar the dower, for the reason that such agreement being executory in its operation, defendants must show that it is a reasonable and proper settlement. The burden is upon them to allege and prove this defence, and it has neither been set up nor proved. *Ireland* v. *Ireland, 43 N. J. Eq. (16 Stew.) 311 (Chancellor McGill, 1887)*.

As the case now stands, complainant is entitled to a decree.