The bill filed in this case is in the nature of a bill to quiet title to a bungalow and lot in the borough of Hopatcong, Sussex county.
In the year 1911 Alfred Schmidt, one of the defendants, and his wife, Florence Schmidt, purchased the premises in question in their names as husband and wife and thus became the owners of said premises as tenants by the entirety. In 1922 the defendant, Alfred Schmidt, neglected to support his wife and family and his wife brought suit for maintenance and support against him. A final decree was entered in this court on January 24th, 1923, in favor of Florence Schmidt whereby defendant, Alfred Schmidt, was ordered to pay his wife the sum of $10 per week. The said defendant, Alfred *Page 236 
Schmidt, claimed that he was unable to make these payments and on application to the court and by a stipulation between the parties to said suit, the final decree was amended directing Alfred Schmidt to convey all his right, title and interest in the premises in question to Sarah L. Conklin, the mother of Florence Schmidt, in lieu of past and future maintenance and support which the said Alfred Schmidt formerly had been directed to pay. In accordance with such direction of this court Alfred Schmidt joined in a deed with his wife conveying said premises in fee-simple to her mother, Sarah L. Conklin. It is admitted that this conveyance to Sarah L. Conklin was in trust for Florence Schmidt. On October 30th, 1931, Sarah L. Conklin died testate and in and by her will devised and bequeathed all her property to her daughter, the said Florence Schmidt, and a son, Warren S. Conklin. Warren S. Conklin has since died intestate and unmarried. The premises in question were not specifically mentioned in the said will. It is admitted by all of the parties to this suit that the title to said premises was not affected by the will of Sarah L. Conklin for the reason that she held said premises as trustee for her daughter, Florence Schmidt. Florence Schmidt, after the conveyance to her mother, had continuous possession of said premises and received the rents, issues and profits thereof until the time of her death. On March 25th, 1935, Florence Schmidt died testate without having conveyed or effected a conveyance of said premises and in and by her will bequeathed and devised all her property to the complainant, Alfred W. Schmidt, her son. Warren S. Conklin left him surviving a sister, Laura Gardner, and the complainant. A decree pro confesso has been entered against the defendant Laura Gardner.
Complainant, Alfred W. Schmidt, contends he owns the premises in question free and clear of any right of curtesy of his father, Alfred Schmidt, by reason of the conveyance in which his father and mother both joined to Sarah L. Conklin, his grandmother, and by reason of the fact that his grandmother held the premises in question for his mother and his mother devised the same to him. He also contends *Page 237 
that the curtesy initiate of his father was wiped out by reason of the decree of this court which directed his father to convey to Sarah L. Conklin all of his right, title and interest in said premises. Complainant also argues that under section 8a of the Married Woman's act (3 Comp. Stat. p. 3230) his mother could devise the same to him in the same manner and with like effect as if she were sole and unmarried, relying on the former decree of this court directing the defendant, Alfred Schmidt, to pay his mother, Florence Schmidt, maintenance and support during the balance of her life. Defendant, Alfred Schmidt, says that the conveyance to Sarah L. Conklin, as trustee for Florence Schmidt, was no different than any other conveyance to his wife and that section 8a of the Married Woman's act did not affect his curtesy therein. Section 8a of the Married Woman's act provides as follows:
"Sec. 1. That any married woman who is living in a state of separation from her husband, under and by virtue of the final judgment or decree of any court, when such judgment or decree is founded upon her application for such separation, may, at any time during the continuance of such separation, convey, mortgage and lease or devise any interest, estate or right that she may have in any real property, except such as came to her by gift, through or from her said husband, in the same manner and with the like effect as if she were sole and unmarried. (Rev. 1877,p. 639.)"
This section, however, does not appear to apply to the facts in this case for the reason that there was no decree of this or any other court produced before me whereby the said Florence Schmidt and the defendant, Alfred Schmidt, were living in a state of separation. While the parties were living separate and apart and while this court had directed the defendant, Alfred Schmidt, to maintain and support his wife, Florence Schmidt, and by consent of the parties this court had directed him to convey his interest in said premises to a trustee in lieu of such maintenance and support, they could at any time without further ceremony resume the marital relations. Vice-Chancellor Fielder held in the case of Mullen v. Mullen, 98 N.J. Eq. 90, affirmed by the court of errors and appeals in Ibid. 727, that in the absence of any statute a married woman could not make a valid conveyance *Page 238 
of any interest or estate she might have in the land and that while the Married Woman's act may have authorized her, under some circumstances, to sell her interest in lands without her husband's consent she could not thereby cut off his estate by the curtesy when she sells and conveys an estate of inheritance. Vice-Chancellor Berry said in the case of Hollander v. Abrams,99 N.J. Eq. 254, 270:
"* * * but it has uniformly been held in this court that the acts authorizing conveyances by married women who are living in a state of separation from their husbands authorize a conveyance only of the interest of the wife, subject to whatever interest the husband may have."
I know of no equitable principle which would estop the defendant, Alfred Schmidt, from claiming curtesy. The question of curtesy has been passed upon by this court in many of our early cases and a case which has direct bearing on the present situation is that of Cusing v. Blake, 29 N.J. Eq. 399,
affirmed by the court of errors and appeals in 30 N.J. Eq. 689.
I have, therefore, reached the conclusion that the defendant, Alfred Schmidt, the husband of Florence Schmidt, deceased, is entitled to curtesy in the premises in question.
The only question, therefore, left to be determined is whether or not Alfred Schmidt is entitled to curtesy in the whole of said premises. The premises were conveyed to the trustee, Sarah L. Conklin, on April 11th, 1924. I, therefore, have reached the conclusion that the common law rule as to curtesy applies since the acts of the legislature changing the interest of the husband in the real estate of the wife were passed in 1927 and 1928.P.L. 1927 p. 128; P.L. 1928 p. 380. See Hackensack Trust Co.
v. Tracy, 86 N.J. Eq. 301; Walker v. Bennett, 107 N.J. Eq. 151; Gerhardt v. Sullivan, Ibid. 374; Kicey v. Kicey,112 N.J. Eq. 459.
I will, therefore, advise a decree in accordance with these views. *Page 239