Plaintiff is the surviving husband of Anastasia Havranek, and seeks by this proceeding to have an alleged right of curtesy in certain real estate of his wife assigned to him. The real estate is known as No. 23 Grove Street, Little Ferry, Bergen County, New Jersey, of which said Anastasia Havranek died seized, in fee. Anastasia Havranek died on January 16, 1941. The premises in question were acquired by Anastasia Havranek by deed from the plaintiff on April 11, 1935. The defendant Jane Dragoun is the daughter of Anastasia Havranek and the stepdaughter of plaintiff. She *Page 388 
is also the executrix of the last will and testament of Anastasia Havranek, deceased, and is the residuary legatee and devisee thereunder. The defendants Orazio Cannizzo and Catherine Cannizzo, his wife, are the present owners of the premises in question, having acquired same from the defendant, Jane Dragoun, by deed dated August 22, 1946.
The facts have been agreed upon by the parties. They are substantially as follows: Marital differences having arisen between the plaintiff and his wife, Anastasia Havranek, they decided to live separate and apart from each other in the future and to make a disposition of their property, both real and personal, upon terms mutually satisfactory. To this end they repaired to the office of an attorney and executed a separation agreement bearing date April 11, 1935, under the terms of which they agreed to live separate and apart from each other for the future, and to reside from time to time at such place or places as they might think proper, without any interference whatever on the part of each other. The agreement further provided that certain conveyances of real property or transfers of personal property made by the plaintiff to his wife and the relinquishment by the plaintiff of his interest in certain lands and personalty theretofore owned jointly by them should be and remain a sufficient settlement and payment for the support of the wife. It was agreed by the wife, in consideration of said conveyances and transfers and the relinquishment by her husband of his rights therein, that she would thenceforth release and relinquish to her husband, his heirs, executors, administrators and assigns all rights or claims of dower, inheritance, descent, distribution and all other rights or claims growing out of the marriage relation, and further that she would be forever barred from all such rights in the estate of her husband, real, personal or mixed, then owned or thereafter to be acquired by him. The agreement contains the following provision with reference to the plaintiff's claim of curtesy:
"8. The said husband, on his part, for the consideration herein named, does hereby release and relinquish to the said wife, her heirs, executors, administrators and assigns all the rights or claims of curtesy, inheritance, descent, distribution and all other rights or claims *Page 389 
growing out of the marriage relation between the said parties; and said husband agrees that he shall be forever barred from all rights in the estate of his said wife, real, personal or mixed, now owned or hereafter acquired by her; * * *"
Pursuant to the agreement of April 11, 1935, plaintiff and the decedent, Anastasia Havranek, on the same day conveyed to decedent the property owned by them on Grove Street, Little Ferry, New Jersey. Concurrently therewith plaintiff and the decedent, Anastasia Havranek, conveyed to plaintiff two lots on Kaufman Avenue, Little Ferry and two lots in Bogota, New Jersey. Thereafter on April 29, 1935, plaintiff executed a release of curtesy to the heirs and assigns of said Anastasia Havranek. All of these instruments were acknowledged before the attorney, as a Master in Chancery of New Jersey, and were duly recorded in the Bergen County clerk's office. Thereafter plaintiff and the decedent, Anastasia Havranek, lived separate and apart and plaintiff contributed nothing to her support and maintenance nor to the upkeep of her property.
It is the contention of the plaintiff that, notwithstanding the separation agreement, the several deeds and the release of curtesy to his wife's heirs, he has not been and could not be legally divested of his right of curtesy in the lands in question. It is true that the rights of curtesy and dower are favored in the law. Neither husband nor wife will be excluded from rights in property of the other springing from the marital relation, with one notable exception. The exception to the general rule is that if the words used and acts performed are unambiguous and leave no doubt that there was an intention so to do, the rights of curtesy and dower may be legally extinguished. Justice Depue, speaking for the Court of Errors and Appeals inCushing v. Blake, 30 N.J. Eq. 689 (E. A. 1879) said as follows:
"Curtesy is a legal incident of the wife's estate of inheritance, and is a right favored in the law. A husband will not be excluded from rights in the property of the wife springing from the marital relation, except by words that leave no doubt of the intention to do so."
Vice-Chancellor Griffin, in the leading case of Shannon v.Watt, 87 N.J. Eq. 142, (Ch., 1916) cited with approval the *Page 390 
holding in Cushing v. Blake. Cf. Radley v. Radley,70 N.J. Eq. 248, (Ch., 1905). Freeland v. Mandeville, 28 N.J. Eq. 559 (Ch., 1877).
In view of the undisputed facts I am constrained to the view that the instruments in question, executed by plaintiff, clearly evidenced an intention to divest himself of his right of curtesy. Having benefited from the lands conveyed by his wife to him, her release of dower therein and his freedom from liability for her support and maintenance provided adequate consideration for the release of curtesy in his wife's real estate. The intention of the parties was clear and unambiguous. It would be inequitable to permit plaintiff to now enjoy the anomalous position he now claims.
This determination obviates the necessity of considering the defense of laches raised by defendants in their Answer.
The complaint is dismissed, with costs.