By the Court :
The street, including the ground in question, was opened and. the market-house established by an agreement with the owners of the ground, and under an ordinance of the city council of Cincinnati. The whole space became subject to the same public regulations as the grounds originally laid out in streets and for other public uses and purposes. The claim of dower must stand upon the same principles that it would stand in any case to the ground thus appropriated. The counsel for the complainants insist that it is a case to be distinguished from that of public grounds condemned for public uses, but the court are unable to' comprehend the distinction. When a town is laid out, the law re *21 quires the plat to be recorded, and by such record the streets become public highways, and the title to the grounds set apart for public uses is vested in the county for the purposes contemplated. The uses thus created are inconsistent with the exertion of any private right while the use remains; consequently all private rights must be either suspended or abrogated. Such has been the general understanding, not only in this state, but, so far as we are informed, in other states also. A claim for dower in the streets of a town, or in the public jail, court-house, or public offices, would be a novel one, and if sustained, could not be enjoyed without defeating the original purpose and present use of the grant. It can not be admitted, for the same reason that it is not admitted to a castle in England. It could yield nothing to the support of the widow, by a direct participation in the possession, without such an interference with the public right to control the whole subject as to render its enjoyment inconvenient and unsafe, if not impossible.
The bill must be dismissed.