WHEELER, GREEN and WHITNEY, appellants, and KIRT-
LAND, respondent.

Lands were condemned by the Essex road board upon notice to the hus-
band. The award was paid to a third person, to abide the order of the
Court of Chancery. The award was partly for the value of the strip taken,
and partly for damages to remaining portion of the tract. *Held*, the wife,
by reason of her inchoate dower in the land, has an interest in the award,
which equity will secure to her.

*Mr. B. Williamson*, for appellants.

*Mr. F. Adams*, for respondent.

The opinion of the court was delivered by
REED, J.

This is an appeal from a decree of the Chancellor on the
advice of the Vice-Chancellor. Catherine Kirtland is, and
since 1836 has been, the wife of John Kirtland. On the 16th
of December, 1869, her husband was the owner of about six
acres of land in the township of Orange, in the county of
Essex. On that day, Wheeler and Green entered a judgment
against Kirtland, the husband.

On the 30th of May following, the Essex Public Road
Board laid an avenue across the said tract, taking two and
eighteen-hundredths acres. Damages were awarded to Kirt-
land, the husband, by reason of the taking and condemnation
of the same, to the amount of $15,000. Wheeler and Green,
who had the judgment lien upon the land, served a notice
upon the road board, warning them not to pay the said award
to Kirtland, and, by subsequent agreement, the fund remains
in the hands of Cortlandt Parker, esquire. Afterwards, by a
sale under the judgment, Stephen W. Whitney became the
owner of the rights of Kirtland, the husband, in the premises,
and entitled to the interest of the husband in the amount

awarded for the portion of the premises condemned. The wife, by her bill, now claims to have an interest in the award, by reason of her inchoate dower in the land so condemned.

Two questions are presented: *First.* Has the wife an interest in this award? *Second.* If so, what interest?

The character of inchoate dower has been the subject of much contrariety of opinion. It is said not to be an estate. It is not the subject of grant. It cannot be taken upon execution. Equity will not apply it to the satisfaction of the debts of the wife. As dower was a humane provision for the sustenance of the widow and younger children, some limit was imposed on the power to defeat its consummation. Yet, while not technically an estate, it cannot, at this day, be denied that inchoate dower is a valuable interest in land. It is an interest which the courts have repeatedly recognized. Its presence works a breach of the covenants against encumbrances. *Carter* v. *Denman*, 3 *Zab.* 260. Its relinquishment is a valuable consideration to support a conveyance by her husband to her, against his creditors: *Wright* v. *Stanard*, 2 *Brock* 311; or a promissory note given by a purchaser. *Nims* v. *Bigelow*, 45 *N. H.* 343.

A conveyance by the husband on the eve of marriage, to defeat dower of the wife, will be set aside during the life of the husband. *Smith* v. *Smith*, 2 *Halst.* 515. And when, by judicial proceedings, land is converted into money, the wife's interest is still recognized and protected. The character of land is impressed upon the fund, and courts of equity will secure that portion of the money which represents her inchoate interest. *Matthews* v. *Duryea*, 45 *Barb.* 69; *Malloney* v. *Horan*, 49 *N. Y.* 116; *Vartie* v. *Underwood*, 18 *Barb.* 561. This principle has been recognized in this state, in the case of *Hays* v. *Whitall*, 2 *Beas.* 241. It seems, therefore, clear that the wife had a valuable interest in the strip of land condemned. It is equally clear that if the amount awarded represents the interest of both husband and wife, she has an interest in the award, which, upon general principles, equity is bound

to protect. It is insisted, however, that no portion of this award represents the inchoate dower of the wife in the lands. It is said that when lands are taken for public use, the mere exercise of the right of eminent domain in a proceeding against the interest of the husband, extinguishes this right of the wife, without notice or compensation to her. This is the doctrine undoubtedly enunciated by the text writers. *Dillon on Mun. Cor.*, §§ 459–496 ; *Scribner on Dower, vol. II., p.* 551. The two cases upon which these writers rely, are *Gwynne* v. *Cincinnati*, 3 *Ohio* 24, and *Moore* v. *City of New York*, 8 *N. Y.* 110. The first was an application of the rule to dedicated lands, and the latter to lands taken by condemnation.

While the conclusion is in conformity with the settled law in England and this country, the conclusion is reached, in the case of Moore *v.* The City of New York, by a general assertion that the inchoate interest of the wife was without value. Gardner, judge, says : " The wife had no interest in the land, and the possibility she did possess was incapable of being estimated with any degree of accuracy." This was said in the face of the fact that, years before, Chancellor Walworth had propounded and acted upon a rule for the computation of the value of this very interest. *Jackson* v. *Edwards*, 7 *Paige* 408 ; *Bartlette* v. *Vanzandt*, 4 *Sandf. Ch.* 396. The broad statement in *Moore* v. *The City of New York*, is not only opposed to the weight of authority elsewhere, but has been repudiated or modified in later cases in that state. *In the Matter of Central Park Extension*, 16 *Abb. Prac. R.* 68 ; *Simar* v. *Canaday*, 53 *N. Y.* 298, &c.

The extinguishment of dower by condemnation means no more than this, that, as against the state, no widow can claim dower in lands devoted to public use. It had its origin at a time when the sovereign power in the state could assume its right to the use of the property of the subject without compensation. The right was exercised by the removal from possession, of all parties whose occupancy was inconsistent with the object of the public use. No one thereafter could claim a possession

inconsistent with such user. The widow was merely in the same position as any other person claiming an interest in the land. The rights of all parties were subject to this dominion of the state, and were in abeyance while the state chose to exercise its privilege. Thus it was said by Coke, " Of a castle that is maintained for the necessary defence of the realm, a woman shall not be endowed, because it ought not to be divided, and the public shall be .preferred before the private." " Here," says Scribner, " we see shadowed forth the principle upon which the courts at a later day have proceeded, in holding the inchoate dower of the wife extinguished in lands appropriated, according to the forms of law, to the uses of the public." *Scribner on Dower, vol. I., p.* 550. It is apparent that the doctrine arose, not because the inchoate dower was valueless, but because it, like all other interests, was servient to the power which inheres in every government, and is here styled eminent domain. As the interest is valuable, she is, under our law, entitled to compensation where those lands are taken for public use.

This conclusion does not conflict with the doctrine that where lands are condemned by proceedings to which the husband only is a party, the wife cannot thereafter assert a right in the land against the public. I think, for the purposes of condemnation and compensation, this interest of the wife's, not rising to the dignity of an estate, is represented in the fee of the husband. We know that in making compensation, the right taken is considered a perpetual easement, equivalent to the fee, and that damages are assessed for the value of the entire interest in the land.

It has never been hinted that a deduction for the wife's inchoate dower should be made. The value of her interest, therefore, passes into the award. In this view, the condemnation of the land, by notice to the husband, condemns and extinguishes the inchoate interest of the wife. The land is transmuted into money. It assumes a shape where she can claim her right without interfering with the public. Equity

will secure to her that portion of the award which represents, her inchoate dower.

While this doctrine is expressly held in no preceding case, the court, *In the matter of the Central Park Extension*, 16 *Abb. Prac. R.* 69, speaking of the case of Moore *v.* The City of New York, says : " It might have been added to that case, that the right was transferred from the land to the money received from the land by the husband, if the wife survived him." Mr. Scribner, vol. II., p. 21, says : " It may be that after the value of the entire estate is ascertained, and the amount paid over to the proper legal authorities, particularly if she be a party to the proceedings, her right is transferred from the land to the money representing the land."

I think that by the practice in this state, of compensating for the entire value of the land, upon notice to the husband, the wife is represented by her husband, and is always a party to the proceedings, for the purpose of enabling her to assert her right to her interest in the award. Upon the first question, I think the conclusion of the Vice-Chancellor was correct. This being so, the parties desire a sum in gross, in preference to the securing of one-third of the principal, to await the event of her surviving her husband. In what portion of the award is the wife entitled to inchoate dower ? The entire amount of damages awarded was the sum of $15,000. The benefits were $1500. The benefits were properly deducted, leaving the balance $13,500. Of this sum, it is claimed that only $4800 were for the value of land taken, the remaining portion being for damages to the adjacent land of the husband. It is claimed that the wife has no interest in the damages.

It is true, generally, that the wife has no interest in damages resulting from injury to land. I think, however, in this instance, that the computation of the Vice-Chancellor upon the entire amount of $13,500 was correct. It represented the depreciation of the entire tract. Although she has still her right of dower in the remaining portion, yet by the sale under the Wheeler and Green judgment, before any improvements were

Wheeler *v.* Kirtland.

made, her right is limited to recover a third of the land at the time of the sale. *Vandorn* v. *Vandorn, Penn.* 513. She gets, therefore, what she would have recovered had the land not been taken.

I think the decree of the Chancellor should be affirmed, with costs.

Decree affirmed : eleven judges voting for affirmance; DIXON, J., for reversal.