In re MARY ANN ALEXANDER, alleged to be a lunatic, et al.

The act of March 27th, 1878 (*Rev. Sup. p. 267*), relative to inchoate dower, does not apply to cases where the marriage from which the right to dower springs was contracted, and the lands in which it is claimed vested in possession in the husband, before the passage of the act.

On petition &c.

*Mr. Sherrerd Depue*, for the guardian *ad litem.*

*Mr. Samuel Howell Jones*, for the petitioner.

GREEN, V. C.

The petitioner, Mary Alexander, claims to be the owner in fee of a lot of land in Newark, subject to the inchoate right of dower in an undivided half thereof, of Mary Ann Alexander, wife of Sylvester Alexander. The said Mary Ann Alexander being a lunatic, this petition is filed under the act of March 27th, 1878 (*Rev. Sup. p. 267*) for a release of her inchoate right of dower in said land and for other purposes.

The petitioner claims title to the said lot from these circumstances: Her mother, a widow, died in Newark, August 28th, 1876, seized thereof, leaving her surviving her heirs-at-law, four children, Sylvester, Wellington, Ann Eliza and the petitioner.

Another son, Horatio, when about nineteen years of age, in 1851, left home, and no word or trace of him had been received for over forty years, and he had been given up for dead for over thirty years.

Her brother Wellington, in 1875, when about thirty-one years of age, also left his home, in Newark, and no word or trace of him had been received for over eighteen years, and he had been given up for dead for over ten years.

Neither of her brothers was ever married.

Her sister, Ann Eliza, died intestate and unmarried, in 1884.

By the presumed death of her two brothers and the death of her sister, the title became vested in her brother and herself, in equal shares.

Sylvester was married to his wife, Mary Ann, in 1865.

The petitioner recovered a judgment October 13th, 1885, in the Essex county circuit court, against Sylvester, for $815.78, and his undivided half was sold by the sheriff to her, December 22d, 1885, for $200, and afterwards conveyed to her.

The petition states that both Sylvester and Mary Ann are now, and have been for ten years, insane, and for seven years, patients in the Essex county lunatic asylum.

She has made a contract of sale of the lot for $650, which she says is a fair value. She seeks a decree for a release of the inchoate right of dower and of the rights of the two brothers. The only question now is as to the release of dower. A guardian *ad litem* having been appointed for the alleged lunatic, counsel for said guardian raises objection to the validity and applicability of the law invoked, to the case of the lunatic.

The power of the legislature as representing the sovereignty of the state to control the property of lunatics and idiots has always been exercised and is unquestionable. The legislature is in the place of the sovereign as *parens patriæ*, and on it is cast not only the power, but the duty, to provide for the care of the persons and property of such unfortunates. The king was invested with this prerogative, but while, after office found, he had the right, seldom if ever exercised, to take the profits of the estate of an idiot after making ample provision

for the support of the idiot and his family, his power over the estate of a lunatic was only for its preservation for the benefit of the lunatic or of the estate. No case can be found holding that the king had any power over the estate of a lunatic except for such purpose as a trustee for the lunatic or the estate; that he could dispose of it for the benefit of another was never heard of. *1 Coll. Lun. pt. 1 ch. I. p. \*86; Shelf. Lun. & Idiots \*9, 15; Stock. Non Comp. Ment. \*79, 83; In re Farrell, 6 Dick. Ch. Rep. 353; In re Duvausney, 7 Dick. Ch. Rep. 502.* The act of 1878 is unique in this regard, that whereas all other acts of this state which authorize the sale of the lands of persons *non sui juris,* base the jurisdiction of the court on the fact to be found that a sale will be for the benefit of the estate of such person. This provides that the chancellor is to be satisfied, not that the interests of the alleged lunatic, entitled to the inchoate right of dower, but " that the interest of the owner of such lands " require and will be promoted by a sale of the same. Such acts of this state as those for the sale of lands of infants and lunatics are for the protection of persons helpless in the eye of the law and for the relief of the public from the burden of their support so long as their estate may prove sufficient. It would be unjust that public taxes should be levied for the support of those who were possessed of ample means, or that such persons should be deprived of the means of realizing from their property sufficient for their maintenance and support. But the act in question seeks to accomplish no such purpose; it is for the benefit alone of the estate of another person that the power is sought to be conferred on the court, and proposes to force a lunatic wife to do *in invitum* and for the benefit of another what, if *compos mentis,* would be beyond the compulsive power of courts and legislature. By no other process known to the law can the inchoate right of dower be taken away, or for it substituted some other form of security.

It is objected that the act of 1878 does not apply to cases where the marriage from which the right to dower springs was contracted, and the lands in which it is claimed vested in possession in the husband before the passage of the act.

The question involved is the scope of legislative power over dower, inchoate at the time of enactment. A review of the numerous decisions bearing on the point, in the hope of extracting some recognized governing principle, would be a profitless task, as the cases developed an irreconcilable contrariety of opinion. Judges affirming the power of the legislature to modify, control and even abolish inchoate dower, argue that it is a mere possibility because it is a right which cannot vest before it becomes consummate by the death of the husband ; that it is a mere incident to the marriage relation, established by law and not by contract, and therefore subject to legislative change or destruction. On the other hand, while recognizing that the consummation of dower is contingent on the death of the husband in the lifetime of the wife, other judges argue that inchoate dower is something more substantial than a mere possibility, viz., that it becomes, coincident with the seizin of the husband, an interest in such real estate. This is based on well-known incidents of the right. "Dower was, indeed, proverbially the foster-child of the law, and so highly was it rated in the catalogue of social rights, as to be placed in the same scale of importance with liberty and life." *Park Dow.* \*2 ; *Co. Litt.* *124 b.* When it had attached by the seizin of the husband, it could not be discharged by any act of his, although the owner of the fee, without the wife's concurrence. *Park Dow. 5.* It is an encumbrance (*Porter* v. *Noyes, 2 Greenl. 22 ; S. C., 11 Am. Dec. 30, note at 39*), and, as such, defeats a contract to convey an unencumbered title (*Ib. ; Jones* v. *Gardner, 10 Johns. 266*), and comes within a covenant against encumbrances. *Shearer* v. *Ranger, 22 Pick. 447 ; Carter* v. *Denman, 3 Zab. 260.* It is a valuable consideration for a conveyance to a wife (*Bullard* v. *Briggs, 7 Pick. 533 ; Garlick* v. *Strong, 3 Paige 440*), or for a promissory note to her. *Sykes* v. *Chadwick, 18 Wall. 141.* The wife may maintain an action for its protection (*Petty* v. *Petty, 4 B. Mon. 215 ; S. C., 39 Am. Dec. 501 ; Thayer* v. *Thayer, 14 Vt. 107 ; S. C., 39 Am. Dec. 211, 218*), or file a bill for the redemption of a mortgage covering it. *Davis* v. *Wetherell, 13 Allen 60.* She must be a party to any suit affect-

ing it. *Vreeland* v. *Jacobus, 4 C. E. Gr. 231.* That it is an interest in the land from the time of the seizin of the husband, is the law in this state. *Wheeler* v. *Kirtland, 12 C. E. Gr. 534.*

In that case Catharine Kirtland was, and since 1836 had been, the wife of John Kirtland. On the 16th of December, 1869, her husband was the owner of about six acres of land in the county of Essex. On that day a judgment was entered up against Kirtland, the husband. On May 30th, 1870, the Essex public road board laid an avenue across the tract, taking two and eighteen-hundredths acres. Damages were awarded to Kirtland, the husband, by reason of the taking and condemning of the same, to the amount of $15,000. The judgment creditors served a notice on the road board warning them not to pay the award to Kirtland. Afterwards, by a sale under the judgment, one Whitney became the owner of the rights of Kirtland, the husband, in the premises, and entitled to the interest of the husband in the amount awarded for the portion of the premises condemned. The wife, by her bill, claimed to have an interest in the award by reason of her inchoate dower in the land so condemned. The court of errors and appeals held that the inchoate dower of the wife was a valuable interest in the land condemned, the value of which passed into the award by the transmutation of the land into money, and that she was entitled to the amount decreed in her favor by the chancellor. Mr. Justice Reed, in giving the opinion of the court, refused to follow the cases of *Gwynne* v. *Cincinnati, 3 Ohio 24,* and *Moore* v. *City of New York, 8 N. Y. 110,* upon which many of the decisions will be found to be based. The case of *Wheeler* v. *Kirtland* expressly declares that inchoate dower is a valuable interest in land, and brings it within the protecting clause of the constitution which provides that private property shall not be taken for public use without just compensation. If this is so, on what principle can it be said that it is not also within the rule of legislative inhibition that private property shall not be taken for private use with or without compensation, a rule which, if not a corollary from the clause quoted, springs out of the first clause of the bill of rights of our constitution, which declares that the

right of acquiring, possessing and protecting property is inalienable? Under that rule it is not competent for the legislature, by enactment, to take the property of A and give it to B, nor, under the principle of *Wheeler* v. *Kirtland*, to take a valuable interest in land which A has acquired and transfer it to B. This inhibition of arbitrary legislation as to a right in property is not confined to a transfer of it from one person to another, but extends to attempts to impair its value or weaken its security. As the inchoate right of dower of Mrs. Mary Ann Alexander had attached to the land in question prior to the passage of the act, I am of opinion that its provisions do not apply to her interest therein.