MARY A. BURTON

*v.*

DANIEL MELLIS.

[Decided January 30th, 1909.]

1. Where the property is not divisible, dower must be assigned out of the rents.

2. Under *Gen. Stat. 1895 p. 1275 § 1,* endowing a widow for life of the full and equal third of all lands, &c., the widow, in determining her divisible portion of the rents, is not entitled to the benefit of improvements made by the alienee of the husband after his purchase.

3. In working out the endowment of rents on the basis of value at the time of alienation without regard to subsequent improvements, the gross rentals should be ascertained, and the widow allowed one-third after proper deductions.

4. In arriving at the divisible portion of the widow in the rents to be paid to her in case the land is not portionable, the taxes must be deducted.

5. In working out an endowment of rents the widow is chargeable with improvements and repairs made by the alienee which were necessary to put the premises in a tenantable condition, and the amount expended should be charged against the property as a principal fund, and the alienee given credit on his account for interest on such fund.

Heard on bill, answer, replication and proofs.

*Messrs. Hance & Miller,* for the complainant.

*Mr. James J. Gibb,* for the defendant.

EMERY, V. C.

This is a bill filed by the widow against the alienee of the husband for the assignment of dower and for an account. The property is a small lot in Belleville, upon which at the time of the alienation by the husband there was a small frame house, adapted only for occupation by a single family, and in a poor state of repair. The property was subject to a mortgage of $1,000, to which the wife's dower is not subject, and the purchaser paid to the husband, who owned the title, $1,000, the wife not joining in the deed. The purchase was made with knowledge of the outstanding inchoate dower right. After the purchase, and before the death of the husband, the purchaser expended a considerable sum (said to be between $1,400 and $1,500), to put the property in a tenantable condition and to make the addition of two rooms and a chimney. Owing to the condition of the house these repairs were, for the most part, permanent improvements to the property. Before the repairs were made no rents were received, but, as soon as the property was improved, it was rented for a gross sum of $30 per month, and has been occupied most of the time. The property not being divisible, dower cannot be assigned in the property, but must be assigned out of the rents, which is the usual course in such case. *14 Cyc. 1004.* The purchaser has paid the taxes and insurance and interest on the prior mortgage, and the questions reserved are whether in the account for the rents the widow is chargeable for these payments, and also with interest on the sum expended by the alienee for the repairs and permanent improvements to put the house in a tenantable condition.

Our statute (*"Dower," Gen. Stat. 1895 § 1 p. 1275*) endows the widow for the term of her natural life of "the full and equal third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the coverture," and

our courts have uniformly held that under this statute the widow is not entitled to the benefit of improvements made by the alienee after the purchase. *Van Dorn* v. *Van Dorn* (*Supreme Court, 1810*), *3 N. J. Law* (*2 Penn.*) *697; 4 Am. Dec. 408;. Coxe* v. *Higbee* (*Supreme Court, 1830*), *11 N. J. Law* (*6 Halst.*) *395; Barnett* v. *Griffith* (*Chancellor Runyon, 1876*), *27 N. J. Eq.* (*12 C. E. Gr.*) *201, 206; Turner* v. *Kuehnle* (*Vice-Chancellor Pitney, 1905*), *70 N. J. Eq.* (*4 Robb.*) *61, 70.* This is also the general rule in the American courts in the construction of similar statutes. *14 Cyc. 1000, &c.; 2 Scrib. Dow.* (*2d ed.*) *612, &c.* In working out the endowment of the rents on the basis of value at the time of alienation, without regard to subsequent improvements, some courts adopt the method of ascertaining the value of the lands at the time of the alienation, and award the widow one-third of the legal interest on such value, while others ascertain the gross rentals and allow the widow one-third of the rents after proper deductions. *14 Cyc. 1005; 17 Cent. Dig. § 3370, &c.* The latter practice has always been assumed to be the correct basis for working out the value of the widow's dower, both in our rules of court and by the decisions of our courts. *Haulenbeck* v. *Cronkright* (*Chancellor Zabriskie, 1873*), *23 N. J. Eq.* (*8 C. E. Gr.*) *407; affirmed on appeal, Cronkright* v. *Haulenbeck* (*1874*), *25 N. J. Eq.* (*10 C. E. Gr.*) *513.* Chancery rule 184, adopted in 1853, directs an ascertainment of

"the clear yearly income above insurance, taxes and all repairs necessary to keep the premises in as good condition as at the time of the sale, including renewal required from ordinary wear and tear or decay."

This is the only method of ascertaining the value of the dower as based on the rents of the property, which seems ever to have been suggested in our practice, and it should not now be questioned with the view of taking the other course of basing the dower on the interest of the value of the property. The widow's dower, like that of any other life tenant, is, when assigned, subject to the annual taxes, and the cases cited by complainant's counsel, relieving the widow, while occupying the homestead under the statute pending assignment of dower from paying

taxes on the homestead have no application. The insurance extended only to the alienee's interest, and not to the rents as such, and therefore cannot be allowed, as the widow derives no benefit from it. *Kearney* v. *Kearney, 17 N. J. Eq. (2 C. E. Gr.) 59; on appeal, Ibid. 504.*

The repairs and improvements being necessary to put the premises in a tenantable condition, the widow is chargeable in the account with these expenses, in the same manner as the ordinary tenant for life would be chargeable in an account with the remainderman or reversioner (or trustees representing them) for permanent improvements, and on the same basis, viz., by charging the amount expended against the property as a principal fund, and giving the alienee in his account credit for interest on this fund, as a proper expense. This follows the practice established in relation to assessments on the lands for municipal improvements, where the dowress is charged with the payment of one-third of the interest on the assessments. *Jonas* v. *Hunt (Court of Errors and Appeals, 1885), 40 N. J. Eq. (13 Stew.) 660, 663.*

A decree for account will be advised in accordance with these views.