MARY FUCHS, DEFENDANT IN ERROR, v. LAWRENCE CHRISTIE, PLAINTIFF IN ERROR.

Submitted July 2, 1909—Decided October 14, 1909.

A widow, until her dower is set off, is seized of no legal estate in her late husband's lands that can by her deed be vested in a stranger as against the heir-at-law.

On error to the Middlesex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and PARKER.

For the plaintiff in error, *Charles C. Hommann.*

For the defendant in error, *George S. Silzer.*

The opinion of the court was delivered by

GARRISON, J. This writ of error is brought to reverse a judgment recovered in the Middlesex Circuit Court by the plaintiff in an action in ejectment. The plaintiff is the sole heir of her father, Thomas Hornby, deceased, who died intes-

late and seized of the property in suit, leaving a widow who (her dower not having been set off) sold and by her deed conveyed to the defendant the premises and "all her estate, right, title and interest, &c., therein" described as "being the dower interest" of the grantor in said premises. The defendant being in possession relied upon this deed as his defence to the action of the heir whose title in other respects was fully substantiated. At the close of the testimony the defendant, having offered his deed, moved for the direction of a verdict in his favor upon two grounds—*first,* that being in possession under the right of the widow he cannot be required to deliver up possession or account for mesne profits until her dower is assigned to her; and *second,* that as against the heir he is in legal possession under the widow's right of quarantine.

The denial of this motion by the trial court is the sole assignment pressed for the reversal of the judgment based on the verdict recovered by the plaintiff at the trial.

The defendant's motion was properly denied. The deed upon which he relies conveyed to him no estate in the land. A widow, until her dower is set off, is seized of no legal estate in her late husband's lands that can by her deed be vested in a stranger as against the heir-at-law. 10 *Am. & Eng. Encycl. L.* 147; 1 *Washb. Real Prop.* 257; 2 *Scrib. Dow.* 37.

The trial court could not lawfully have directed a verdict upon the ground that the widow's deed to the defendant enabled him to set up her dower rights against the plaintiff.

The same is true of the widow's quarantine which is in the nature of a personal privilege or tenancy at will rather than of a freehold estate.

The nature of quarantine need not, however, be discussed, inasmuch as under the evidence it was clearly a controverted question of fact whether the property in suit was the mansion-house of the late husband within the meaning and definition of quarantine. A verdict upon this ground could not therefore have been directed.

There being no error in the only judicial action complained of the judgment of the Circuit Court is affirmed.