CAPITAL CIRCLE. NO. 11, BROTHERHOOD OF THE UNION,

*v.*

JACOB SCHMITT.

[Decided November 9th, 1914.]

1. An unrecorded mortgage is of no effect against a purchaser at an execution sale, where the judgment creditor had no knowledge of the mortgage, even though the purchaser did have knowledge of it.

2. Where the premises covered by an unrecorded mortgage, which was executed by the owner and his wife, had been sold under an execution against the husband, the mortgagee cannot foreclose and sell the wife's inchoate right of dower, since that right is not a subject of grant or assignment.

*Mr. John A. Hartpence,* for the complainant.

*Mr. Scott Scammell,* for the defendant.

BACKES, V. C.

This is a bill to foreclose a mortgage. The mortgage was not recorded until nearly three years after its execution. In the meantime, a judgment was recorded against the mortgagor, and the mortgaged property levied upon and sold. The bill charges that the purchaser at the sheriff's sale had notice of the unrecorded mortgage. The proofs are that the judgment creditor had no notice, nor is there an averment in the bill that he had. Unrecorded mortgages are void and of no effect against a subsequent judgment creditor not having notice thereof. *Comp. Stat. p. 3414 § 22.* In order that a judgment creditor may have the full benefit of the statute, the protection afforded to him is to be extended to the purchaser at the execution sale; and, even though the latter had notice, he takes the land free of the complainant's mortgage. *Sharp* v. *Shea, 32 N. J. Eq. 65; Condit* v. *Wilson, 36 N. J. Eq. 370; Paul* v. *Kerswell, 60 N. J. Law 273.*

The wife of the mortgagor having joined in the mortgage, and her interest not having been cut off by the sale, the question arises whether the complainant may proceed to sell her inchoate right of dower in satisfaction of its mortgage. By joining in the mortgage the wife conveyed no estate. She merely released or barred her interest to the mortgagee. Her inchoate right was not the subject of a grant or assignment. *2 Scrib. Dow. 6.* An inchoate right of dower cannot be granted or transferred so as to vest in the transferee or grantee a right, in the event of the death of the husband, leaving the wife surviving, to bring either in his own name or in the name of the widow, an action of ejectment or proceedings for adjustment, or any proceeding founded on such right of dower. Even after the inchoate right becomes complete, it cannot, before being set off, be conveyed to a stranger so as to vest in him a legal estate. *Fuchs* v. *Christie, 79 N. J. Law 14.* Nor can it, before admeasurement, be levied upon and sold under an execution against her. *Tenbrook* v. *Jessup, 60 N. J. Eq. 234; Schuhardt* v. *Wittcke, 76 N. J. Eq. 119; 78 N. J. Eq. 292.* As nothing remains to be sold under a *fi. fa.* in this suit, the bill will be dismissed, with costs.

The owner, defendant, filed a cross-bill to relieve the mortgaged premises of the cloud of the defunct mortgage. This, I understand, is not resisted, in view of the opinion above expressed as to its invalidity. The defendant is entitled to costs.