JOHN W. PYLE, complainant,

*v.*

PAUL DANCZEWSKI et al., defendants.

[Decided October 15th, 1925.]

**Mortgages—Foreclosure—Complainant Acquired Mortgage Which Was on Property at Time He Sold Property, Subject Thereto, to Defendant—Defendant Gave Additional Second Mortgage to Complainant—Complainant's Wife Did Not Join in Deed—Payment of Second Mortgage Conditioned on Wife's Release of Interest—A Third Mortgage and a Judgment Afterward Became Liens—Master's Report, Final Decree and Fi. Fa., Directed Sum to be Set Aside For Wife's Inchoate Dower, Directed Payment of Second Mortgage and Judgment, But Not of Third Mortgage—Other Irregularities—Order Confirming Sale Reopened, Fi. Fa. Set Aside, Final Decree Vacated, Master's Report Set Aside Except as to First Mortgage.**

On application to open decree, &c.

*Mr. James Fisher,* for the complainant.

*Mr. John M. Mills,* for the defendants.

BUCHANAN, V. C.

Complainant's bill prays foreclosure of mortgage made by complainant and his wife on premises then owned by complainant and later sold to defendant Danczewski, the latter assuming payment of the mortgage, which was subsequently assigned to complainant. On this mortgage there was due $300 and interest from October 1st, 1923. It also prays foreclosure of a second mortgage of $700 given to complainant by Danczewski at the time of his purchase of the premises. Both the deed to Danczewski and this second mortgage, except out of the premises as described in the

first mortgage, a tract of an acre reserved by complainant to himself.

Complainant's wife is still living. She neither joined in the deed to Danczewski nor otherwise barred her inchoate dower, which is therefore subject to the first mortgage but not to the second.

The bill further sets up a third mortgage of $360 held by defendant American Trust Company, and a docketed judgment of $130 against Danczewski in favor of defendant Swift & Company. It expressly alleges the respective priorities of the several liens to be as above set forth.

No denial of any of the allegations of the bill was filed by any defendant; decree *pro confesso* was entered against all.

Defendant Mary Pyle (complainant's wife) appeared before the master to have her dower ascertained; defendant Swift & Company appeared to have its judgment reported upon; defendant American Trust Company did not appear.

The master reported $300 due complainant on the first mortgage, plus interest, from October 1st, 1923. This is correct and is not controverted.

The master further reported (and the final decree and *fi. fa.* provide) that the wife was entitled to be paid $1,174.20 for what he calls her inchoate right of dower, but his calculation and direction to pay could only be justified if her husband were dead. Moreover, he has taken her age as of four years ago—apparently on some idea that she was then deprived of her dower, though she did not join in the deed to defendant. The most that the wife can ask is to have such sum *secured* (not paid) to her as will suffice, in the contingency of her husband's predeceasing her, to produce income equal to what she would receive for dower.

The master further reported that $700 and interest was due on the second mortgage, and the final decree and the *fi. fa.* provide that $750.52 shall be raised and paid to complainant in this behalf—this in the face of the express provision in the bond that "no part of the principal shall become due and payable until such time as the said grantor" (the obligee-complainant) "shall procure a release of his wife's

right of dower in the farm thus conveyed" or the wife's decease. The wife is still living, and, admittedly, the release has never been procured (and the complainant has induced or permitted the master to direct the payment of $1,100 to the wife for her dower interest as heretofore mentioned). Certainly, on the face of things, it would seem that the most complainant might seek to have done would be to have the $700 set aside as security, if defendant has not kept up interest and taxes.

The master's report further omits the American Trust Company as entitled to any payment or protection for its mortgage, apparently on the theory that its failure to appear in response to the master's summons justified depriving it of its admitted rights. (There is not even any proof of service of master's summons upon this defendant annexed to the report.) The bill expressly set up this mortgage and its priority over the lien of Swift & Company. No defendant denied. The searches produced before the master corroborated the allegations of the bill. Yet the master's report (and the final decree and *fi. fa.*) deprive the defendant American Trust Company of all interest. This is unjustifiable, and is in direct contravention of rule 187.

It further appears that there were irregularities in the sheriff's advertisements of sale, and that he did not sell all the property directed by the final decree and *fi. fa.*, but excepted a portion. The petitioner was the purchaser at the sale and paid $520 on account of his bid.

The present application rests in the discretion of the court. *Allaire* v. *Day, 30 N. J. Eq. 231; Schaffer* v. *Hurd, 3 Adv. R. 1364.*

The proofs on the present application show that the defendant-petitioner had made effort to present defense to the action, but that by the negligence (or worse) of his earlier solicitors his interests had in nowise been protected, and his own subsequent serious accidental injuries excuse what might otherwise seem delay on his part. No interests other than those of complainant and the petitioner can be materially affected, and complainant, of course, is responsible for a

number, at least, of the many and serious errors and irregularities with which the entire suit is replete, and which result to the damage of petitioner.

Petitioner tenders payment of the amount due on the first mortgage, and asks surrender and cancellation thereof and of the bond secured thereby.

The order confirming sale will be opened and vacated; the sale will be set aside and petitioner relieved from his bid; the sheriff to pay into this court the amount paid by petitioner on said bid. The *fi. fa.* will be set aside, and the final decree will be opened and vacated. The master's report will be set aside except as to the findings of the amounts due on the first mortgage and the Swift & Company judgment. The decree *pro confesso* will be opened as against petitioner to permit him to set up his defense to the second mortgage within twenty days. The clerk will be directed to pay to complainant out of petitioner's $520 the amount due on the first mortgage, and complainant directed to surrender the bond and mortgage for cancellation.