This cause came on for final hearing on bill, answers and replication.
By their bill of complaint, complainants seek discovery and an accounting from the defendants for the rents, issues and profits from certain premises situate in the City of Long Branch, County of Monmouth and State of New Jersey, commonly known as No. 362 Morris Avenue, of which premises one Theresa Anastasia died seized; also for a decree ordering defendants to pay to complainants their rightful shares of the moneys which may be found owing on such accounting, and that the defendants be enjoined and restrained from collecting any further rents, issues and profits from said premises, and asserting their ownership in fee of said premises.
The answer of the defendant Anthony Anastasia, son of the decedent, admits the fact of his mother's death seized of the premises; that she died intestate and that complainants are two of the heirs-at-law, but denies the rest of the allegations of the bill of complaint.
The answer of the defendant Giuseppe Anastasia, is similar to the answer of the defendant Anthony Anastasia, except that it admits the rental of the premises and the collection of the rent received therefrom by this defendant. As a defense to said cause, the defendant Giuseppe Anastasia's answer sets up three separate defenses. The first separate defense, which practically embraces the others, is as follows:
 First Separate Defense
"Upon the death of Theresa Anastasia, the wife of this defendant, the said Giuseppe Anastasia became seized of an estate by curtesy consummate in said premises and as such *Page 262 
is entitled to one-half (1/2) of the rents, issues and profits after the deduction of certain items of expense and up-keep in connection with the operation of said premises. After the deduction of said items of expense and up-keep by reason of the operation and maintenance of said premises there have been no rents, issues and profits to which this defendant, nor any of the heirs-at-law, including these complainants, would be entitled."
From the pleadings and the proofs presented at the final hearing, it appears that in 1912 the said Theresa Anastasia, who was then married to the defendant, Giuseppe Anastasia, became the owner in fee of said premises which she and her husband and their children afterwards occupied as their home; that she died on August 11th, 1941, intestate, leaving her surviving her husband, the defendant Giuseppe Anastasia, and five children, viz., the complainants, Frank Anastasia and Annette Fiasconaro, the defendant Anthony Anastasia, and Mary Fulginiti and Paul Anastasia (the latter two not being made parties to the suit); and that, since the death of his wife, the defendant Giuseppe Anastasia has continued in possession of the premises, occupying a portion thereof himself and renting the remainder for which he is collecting the rents and out of which he is maintaining the property.
At the final hearing and upon conclusion of the complainants' case, the defendants moved for the dismissal of the bill of complaint. Decision was reserved and counsel were requested to submit briefs on the motion for dismissal of the bill of complaint.
Upon examination of the briefs filed by counsel in this cause and a review of the testimony presented at the hearing, it appears that there are two other parties, Mary Fulginiti and Paul Anastasia, who are interested and should have been made parties to this cause. Any decree made in this cause will, of course, not be binding upon them. They are necessary parties.
There does not appear, from the proofs or testimony of the complainants, any evidence that the defendant Anthony Anastasia has been in possession of the premises, or has collected any rents or profits or has held himself out as the sole owner *Page 263 
of the premises as alleged in the bill of complaint. The complainants having thus failed in their proofs, the bill will be dismissed as to this defendant.
The main issue to be decided is: First — What is the estate or interest of the defendant, Giuseppe Anastasia, in the premises? And, second — Has he the right to the exclusive possession of the premises and the income therefrom?
From the allegations of the first separate defense in the answer of the defendant Giuseppe Anastasia, and the constant reference to the provisions of R.S. 3:37-2 and R.S. 3:37-4, in the briefs of counsel of both the complainants and the defendants, it is apparent that counsel are proceeding upon the theory that these provisions are applicable to the instant case. They are laboring under a misapprehension, as the estate or interest of the defendant Giuseppe Anastasia, in the premises, is measured and governed by the common law in force at the time of the vesting of the title to the premises in the decedent, in 1912.
The extent of a husband's curtesy in lands of which his wife died seized is governed by the law in effect at the time she became seized of land, so that statutes subsequently enacted are without effect with respect thereto, unless the marriage occurred after the vesting of the title in the wife, in which case the right would be governed by the law in effect at the time of marriage.
The common law rule as to curtesy applies in cases prior to the acts of 1927 and 1928 (P.L. 1927 p. 128, amended P.L. 1928 p.380, both effective January 1st, 1929, now embodied in R.S.3:37-2), changing the interest of the husband in the real estate of his wife. Schmidt v. Gardner, 120 N.J. Eq. 235; Alt v.Kwiatek, 128 N.J. Eq. 469.
Statutes increasing or diminishing a husband's interest in lands of which his wife died seized, do not apply to land which the wife acquired prior to such legislation taking effect.McGoldrick v. Grebenstein, 108 N.J. Eq. 335; Brasko v.Duchek, 127 N.J. Eq. 567.
An inchoate right of curtesy is a vested interest in land, and not subject to impairment by legislative enactment. Walker v.Bennett, 107 N.J. Eq. 151; Schmidt v. Gardner, supra; Brasko
v. Duchek, supra. *Page 264 
In Reese v. Stires, 87 N.J. Eq. 32 (at p. 35), Chancellor Walker defined curtesy, at common law, as follows:
"Tenancy by the curtesy is where a man marries a woman seized of an estate of inheritance and has by her issue born alive which was capable of inheriting her estate. In this case, on the death of his wife, he holds the lands for life as tenant by the curtesy." Quoting 2 Bl. Comm. 126; Hackensack Trust Co. v.Tracy, 86 N.J. Eq. 301.
At common law, before issue born alive, the husband had an estate of freehold in his wife's lands during their joint lives, and after such issue born, he acquired an estate of freehold in possession in those lands which continued for his own life. His interest was termed an estate by the curtesy initiate during the wife's life and consummate upon her death. Hackensack Trust Co.
v. Tracy, supra; 25 C.J.S. 41 § 1; Reese v. Stires, supra;Bouvier's Law Dictionary (Baldwin's Century Edition) 260.
The Married Woman's Act of 1852 deprived the husband of an estate by the curtesy initiate, that is an estate of freehold during his wife's lifetime, but did not affect the estate which he took upon her death. On the happening of that event he became entitled to a freehold estate in possession for the remainder of his own life, if there were issue born alive. Hacknsack TrustCo. v. Tracy, supra; Hopper v. Gurtman, 126 N.J. Law 263.
By an act of the legislature, passed in 1915 (P.L. 1915 p.61), effective July 4th, 1915, both "the estates and interest of dower, and right of dower and curtesy" were abolished. However, this law was declared unconstitutional by Chancellor Walker inReese v. Stires, supra, and both provisions of the act of 1915 were repealed by an act approved March 29th, 1917 (P.L.1917 p. 844).
It will thus be seen that neither R.S. 3:37-2 nor R.S.3:37-4 are applicable to the present cause.
The defendant Giuseppe Anastasia, is, therefore, entitled to a freehold estate in possession of the premises for the remainder of his own life, and is not required to account to the heirs-at-law.
I will advise a decree dismissing the bill. *Page 265