150 N.J. Super. 9 (1977)
374 A.2d 500
STATE OF NEW JERSEY, BY THE COMMISSIONER OF TRANSPORTATION, PLAINTIFF-RESPONDENT,
v.
JEROME SHUMAN; U.S. OF AMERICA; NEW MARKET POULTRY FARMS, INC. A CORPORATION OF N.J.; PHYLLIS P. DEITZ; ENGLISHTOWN AGWAY CORP., INC. A CORPORATION OF N.Y.; FELLOWS & READ, A PARTNERSHIP; JOHN C. FELLOWS JR.,; JOSEPH R. READ, STATE OF N.J., TWP. OF EAST WINDSOR, IN THE COUNTY OF MERCER, A MUNICIPAL CORPORATION OF N.J., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted March 14, 1977.
Decided March 28, 1977.
*11 Before Judges BISCHOFF, MORGAN and KING.
Messrs. Cascone & Hofing, attorneys for appellants, New Market Poultry Farms, Inc. and Ida Pack (Mr. Sidney Lesser Hofing, of counsel; Mr. Joseph E. Buckley, Jr. on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent State of New Jersey, by the Commissioner of Transportation (Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Jeffrey M. Hall, Deputy Attorney General, on the brief).
Mr. Jerome Shuman, pro se.
PER CURIAM.
Defendants New Market Poultry Farms, Inc. and Ida Pack appeal a lower court judgment awarding the entire proceeds from a condemnation by the State to defendant Jerome Shuman. We reverse in part and remand.
The pertinent history develops as follows:
In 1961 the IRS seized the right, title and interest of Michael Pack in the subject parcel of land to satisfy a federal tax lien filed against him in 1959. The deed was recorded *12 in his name alone. Michael Pack's interest in the property was then sold at public auction pursuant to 26 U.S.C.A. § 6335 to one Jerome Shuman for $2,325. After the sale on August 29, 1962 Michael Pack and Ida Pack, his wife, deeded all rights they had in the parcel, including the right of redemption. That right was subsequently allowed to lapse. In 1973 this condemnation proceeding was commenced. Both Ida Pack and New Market, as her assignees, claim inchoate dower rights existed in this property at the moment of condemnation and the value of these rights must be reimbursed from the compensation paid into court. Appellants request that such rights be liquidated at the time of condemnation and a lump sum paid for them.
Appellants' contention that they possessed an equitable interest in the parcel was considered and decided adversely to them by the trial judge. We affirm on this point. Michael Pack was the sale record holder of the property at the time of the tax sale. This tax sale did not extinguish the inchoate dower rights of Ida Pack. A tax sale only confers the interest held by the party delinquent, 26 U.S.C.A. § 6339 (b)(2), and Ida Pack still retained the "present fixed and vested valuable interest of a wife in her husband's estate of inheritance in land of which he is seized * * *" Katz v. Farber, 4 N.J. 333, 337 (1950). Since Ida Pack did not sell or otherwise release her rights subsequent to the tax sale of her husband's interest in the parcel, as in Beals' Ex'r v. Storm, 26 N.J. Eq. 372 (Ch. Div. 1875), her interest was still viable on the date of condemnation and the property was not free of her dower encumbrance.
This state of the title raises the question of whether Ida Pack could validly assign her inchoate right of dower to New Market. 28 C.J.S. Dower § 65 at 138, states:
Thus a release of dower to a person not the owner of the fee, or not in privity with the fee, or who has no title or interest in the land to which dower has attached, is inoperative as a bar.
*13 This principle is also supported by several New Jersey cases. See Fuchs v. Christie, 79 N.J.L. 14 (Sup. Ct. 1909); Capital Circle, Brotherhood of the Union v. Schmitt, 84 N.J. Eq. 95 (Ch. 1914). Since New Market did not exercise the right of redemption in the fee, the conveyance of inchoate dower rights became void. Only Ida Pack may enforce her dower interests.
Appellants argue that a lump sum should be allowed and paid as compensation for the inchoate dower interest taken in condemnation. The case law, however, does not support this position:
In this State, in the absence of legislation and without the consent of the parties in interest, a widow has no right to elect, and the court is without power to allow, a lump sum in lieu of dower. The same principle applies to inchoate dower. [Katz v. Farber, supra, 4 N.J. at 338]
Respondent Shuman suggests exploration of the relative merits of alternative methods of securing appellant's dower interest in the event of a remand of this issue, which question was not considered at the trial level, and at this time refuses to consent to a lump sum payment. Without statutory authority, a court cannot grant Ida Pack the right to elect a lump sum in lieu of dower unless all parties consent.
New Jersey case law clearly holds that when land has been aliened in the lifetime of the husband, the dower interest is measured at the time of that alienation. Subsequent improvements placed on the property or its general advance in price are not liable to dower. Turner v. Kuehnle, 70 N.J. Eq. 61 (Ch. 1905); Turner v. Kuehnle, 71 N.J. Eq. 466 (Ch. 1906); see also, VanDorn v. VanDorn, 3 N.J.L. 270 (Sup. Ct. 1810); Burton v. Mellis, 75 N.J. Eq. 10 (Ch. 1909). The time of alienation in this case was the tax auction on July 7, 1961 and the amount paid was $2,325.
We remand to allow the trial judge to ascertain the value of the inchoate dower interest at the time of alienation. The parties may consider whether they wish to liquidate the *14 interest with a lump sum payment or deposit an appropriate amount in court. If the latter option is elected, then it appears the income would be paid to respondent Shuman until the dower becomes consummate, then paid to Ida Pack for the remainder of her life, and upon her death or if she predeceases Michael Pack, the invested sum would be returned to respondent. These calculations should be made pursuant to R. 4:63-3 or R. 4:63-4.
This matter is remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.