171 N.J. Super. 333 (1979)
408 A.2d 1353
FIRE GUARD SPRINKLER CORP., A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT,
v.
JAMES L. MANOLIO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 3, 1979.
Decided November 26, 1979.
*334 Before Judges FRITZ, KOLE and LANE.
David A. Nicholette argued the cause for appellant.
James H. Cleary argued the cause for respondent.
The opinion of the court was delivered by KOLE, J.A.D.
The question posed by this appeal is whether a judgment at law against a husband for money damages imposes a lien upon an inchoate curtesy interest in lands owned by his wife. We answer this question in the negative.
Defendant guaranteed a promissory note of James L. Manolio, Inc., payable to plaintiff and due March 1, 1975. On February 21, 1975 defendant deeded to his wife land in Englewood Cliffs for $250. On March 10, 1975 defendant conveyed additional land therein to his wife for $250. Meanwhile, when the note came due it was presented for payment but was not paid. Plaintiff filed the instant action in November 1975 and obtained a default judgment against defendant on January 13, 1976 in the sum of $3,550.37 plus costs. On January 24, 1977 defendant was adjudged bankrupt in the United States District Court for the Southern District of Florida, and he was released from all dischargeable debts by an order dated April 28, 1977. In August 1978 defendant moved to cancel and discharge plaintiff's judgment on the basis of N.J.S.A. 2A:16-49.1. See Furnival Machinery Co. v. King, 142 N.J. Super. 251, 254-256 (App.Div. 1976).
That statute provides for the procedure pursuant to which judgments reflecting debts discharged by federal bankruptcy proceedings may be canceled and discharged of record. It further provides:

*335 ... Where the judgment was a lien on real property owned by the bankrupt prior to the time he was adjudged a bankrupt, and not subject to be discharged or released under the provisions of the Bankruptcy Act, the lien thereof upon said real estate shall not be affected by said order and may be enforced, but in all other respects the judgment shall be of no force or validity, nor shall the same be a lien on real property acquired by him subsequent to his discharge in bankruptcy....
The trial judge directed discharge of the judgment against the defendant individually but declared that the judgment remained a lien on the inchoate curtesy interest of defendant in the real property owned by his wife, which lien could not be levied upon or sold during the wife's lifetime. Defendant appeals from the determination that there is a lien upon his inchoate curtesy right.[1]
"The judgment lien is purely a creature of ... statute." Joseph Harris & Sons, Inc. v. Van Loan, 23 N.J. 466, 470 (1957); McLaughlin v. Whaland, 127 N.J. Eq. 393, 397 (Ch. 1940). A judgment at law binds real estate as a lien against it by implication from N.J.S.A. 2A:16-1:
No judgment of the superior court, law division, or of the county court, law division, shall affect or bind any real estate, but from the time of the actual entry of such judgment on the minutes or records of the court.
However, a "judgment at law ... constitute[s] no lien upon a mere equitable interest in land" that is subject to levy and sale by virtue of an execution thereon. McLaughlin v. Whaland, supra, 127 N.J. Eq. at 397. See, also, Yeck v. Rietzke, 33 N.J. Super. 371, 376-377 (App.Div. 1954).
At common law, as modified by statute, curtesy initiate and curtesy consummate were leviable and salable under an execution. Hopper v. Gurtman, 126 N.J.L. 263, 273 (E. & A. 1941); In *336 re Flasch, 51 N.J. Super. 1, 21 (App.Div. 1958), certif. den. 28 N.J. 35 (1958). See, also, 25 Am.Jur.2d, Dower and Curtesy, § 104 at 162; Annotation, "Curtesy initiate, or inchoate right of curtesy, as subject to claims of husband's creditors," 133 A.L.R. 633, §§ II(a) and (b) at 634-637 (1941). However, the Married Women's Act abolished the vested freehold estate of curtesy initiate, creating in its place the interest now known as inchoate right of curtesy, Hopper v. Gurtman, supra, dissenting opinion, 126 N.J.L. at 277; Anastasia v. Anastasia, 138 N.J. Eq. 260, 264 (Ch. 1946); Mullen v. Mullen, 98 N.J. Eq. 90, 92 (Ch. 1925), aff'd o.b. 98 N.J. Eq. 727, 728 (1925); Porch v. Fries, 18 N.J. Eq. 204, 208-209 (Ch. 1867), and significantly changed the law regarding the accessibility of this curtesy interest to a husband's creditors. See, Bucci v. Popovich, 93 N.J. Eq. 121, 128 (Ch. 1921), aff'd o.b. 93 N.J. Eq. 511 (E. & A. 1922); 7 N.J.Practice (Clapp, Wills and Administration) (3 ed. 1962), §§ 1687-1688 at 424-426; 25 Am.Jur.2d, supra, § 105 at 163; Annotation, supra, 133 A.L.R., §§ III(a)-(f) at 639-645.
In Bucci v. Popovich, supra, the Court of Errors and Appeals adopted the vice-chancellor's holding that an inchoate curtesy interest was not acquired by a husband's bankruptcy trustee under a statute which vested in the trustee all property of the bankrupt which the bankrupt could have transferred or which might have been levied upon and sold under judicial process. It held that "the wife can by deed, to which the husband expresses his assent by joining therein, convey a title free from the lien of her husband's creditors in bankruptcy." 93 N.J. Eq. at 123 (Emphasis supplied.) The court ruled that to permit creditors of a husband to levy upon and sell under execution the husband's inchoate curtesy right would be contrary to the intention of the Legislature as expressed in the Married Women's Act and particularly that section which essentially is now N.J.S.A. 37:2-15.[2] *337 93 N.J. Eq. at 123-124. The husband's inchoate right of curtesy was regarded "as a right created by or growing out of the marriage state, personal to [the husband] and not subject to the claims of his creditors," so that if his wife complied with the formalities attendant upon a real estate transfer, "she [would convey], as a feme sole would, free from any interest or estate of her husband and free from any claim of her husband's creditors." Id. at 128. Notwithstanding the intervening statutory modification of curtesy rights discussed later in this opinion, the holding of Bucci that an inchoate curtesy interest may not be levied upon or sold by the husband's creditors has been reaffirmed in Graham v. Onderdonk, 33 N.J. 356, 366 (1960); In re Estate of Rauch, 167 N.J. Super. 497, 502 (App.Div. 1979), and Corradini v. V. & M. Holding Corp., 34 N.J. Super. 427, 432 (Ch.Div. 1955). However, since a wife cannot unilaterally divest her husband of his curtesy interest, N.J.S.A. 37:2-16 and 17; Hopper v. Gurtman, supra, 126 N.J.L. at 272; Mullen v. Mullen, supra, 98 N.J. Eq. at 96, a ruling that a judgment at law imposes a lien on a husband's inchoate curtesy interest would work the precise evil avoided by Bucci: the wife would be unable to convey good title, even though her husband joined in the conveyance to release his inchoate curtesy right, until her husband's debts were paid.
By enactment of L. 1927, c. 71, and L. 1928, c. 209 (currently N.J.S.A. 3A:35-2), the Legislature again changed the interest of a husband in the real estate of his wife. Anastasia v. Anastasia, supra, 138 N.J. Eq. at 263. The statutory curtesy right thus *338 created is "enforced, admeasured and determined in the same manner and subject to the same limitations and restrictions as is provided by law in case of dower," N.J.S.A. 3A:35-2, and therefore the common law of dower, as modified by statute, N.J.S.A. 3A:35-1, has defined the nature of the curtesy interest since January 1, 1929, the effective date of those enactments. See In re Flasch, supra, 51 N.J. Super. at 21; Brasko v. Duchek, 127 N.J. Eq. 567, 576 (Prerog.Ct. 1940). See, also, 7 Clapp, supra, § 1650 at 364, § 1686 at 422-423, § 1691 at 428-429.
Inchoate right of dower is recognized in New Jersey as a present fixed and vested valuable interest of a wife in her husband's estate of inheritance in lands, subject to divestiture by her death in his lifetime, Hampton v. Hampton Holding Co., 17 N.J. 431, 438 (1955); Katz v. Farber, 4 N.J. 333, 337 (1950), but it is an interest less than an estate in land. Gerhardt v. Sullivan, 107 N.J. Eq. 374, 377 (Ch. 1930); Class v. Strack, 85 N.J. Eq. 319, 322-323 (Ch. 1915); cf. Skovborg v. Smith, 9 N.J. Super. 389, 393 (Ch.Div. 1950), where the court noted that even a consummate dower right before assignment "is authentically a `right,' `benefit,' `privilege,' `inchoate expectancy,' and `chose in action,' and assuredly lacks the essential qualities of an estate," and also Morris v. Glaser, 106 N.J. Eq. 585, 610 (Ch. 1930), aff'd o.b. 110 N.J. Eq. 661 (E. & A. 1932). The inchoate dower right is not an interest which may be levied upon and sold under execution. Hopper v. Gurtman, supra, 126 N.J.L. at 273; Capital Circle, B. of U. v. Schmitt, 84 N.J. Eq. 95, 96 (Ch. 1914). As stated above, the same rule is applicable to inchoate curtesy.
It has been held that a judgment against a widow cannot be a lien upon her right to have dower assigned. Tenbrook v. Jessup, 60 N.J. Eq. 234, 236 (Ch. 1900); Annotation, "Liability of unassigned dower right to satisfaction of widow's debts," 81 A.L.R. 1110, § II(a) at 1110-1111 (1932). If a judgment is not a lien on a widow's consummate but unassigned dower right, then it follows that no lien is imposed on an inchoate dower right by a *339 judgment against a wife. By analogy mandated by the statutory declaration of equality of dower and curtesy, an inchoate curtesy interest would not be subjected to a lien by a judgment against a husband.
Another line of analysis also compels this conclusion. In Hopper v. Gurtman, supra, the Court of Errors and Appeals said:
... In general, the liability of property for the owners' debts, except as made the subject of express legal exemptions, `is as unlimited as the power of disposition, which is an inseparable incident of ownership, when there is no legal disability, for the incurring of indebtedness for the payment of which the property may be taken is but a mode of disposition by the owner.' [126 N.J.L. at 276]
However, a husband has no power of disposition of his inchoate curtesy interest save to his wife, N.J.S.A. 37:2-18 and 18.1, or to those to whom she has conveyed her fee or an interest therein. See Bucci, supra, 93 N.J. Eq. at 124-125; State Com'r of Transportation v. Shuman, 150 N.J. Super. 9, 12-13 (App.Div. 1977) (involving an inchoate dower right); Fuchs v. Christie, 79 N.J.L. 14 (Sup.Ct. 1909); Capital Circle, B. of U. v. Schmitt, supra, 84 N.J. Eq. at 96.
For the reasons stated, we conclude that defendant's inchoate curtesy interest in his wife's lands is not subject to a lien imposed by plaintiff's judgment. The order appealed from is affirmed insofar as it discharges defendant from the judgment personally and states that the judgment is a lien on real property owned by defendant when the judgment was entered. It is reversed with respect to the determination that plaintiff holds a judgment lien on defendant's inchoate curtesy interest.[3]
*340 To the extent that Corradini v. V. & M. Holding Corp., supra, 34 N.J. Super. 427, may be read to indicate that a judgment could be a lien against a husband's inchoate curtesy right, id. at 432, it is disapproved.
Notwithstanding our holding herein, there is no question that inchoate dower and curtesy are valuable interests within the protective jurisdiction of the court under appropriate circumstances. Thus our courts and the Legislature have provided means of measuring and paying for such interests when they have been involuntarily terminated or interfered with  generally, when the land has been transmuted into cash. See, e.g., N.J.S.A. 2A:50-34 (foreclosure of mortgage and sale of premises); N.J.S.A. 3A:16-16 and 17 (sale of real estate by fiduciaries); N.J.S.A. 2A:56-27 (partition); N.J.S.A. 3A:38-1 to -6 (sale or mortgage and release of lands when doweress or curtesy holder incompetent); Wheeler v. Kirtland, 27 N.J. Eq. 534 (E. & A. 1875) (condemnation); State, Com'r of Transportation v. Shuman, supra, 150 N.J. Super. at 13-14 (condemnation); Pyle v. Danczewski, 3 N.J. Misc. 1235, 1236, 130 A. 452 (Ch. 1925) (mortgage foreclosure); Mullen v. Mullen, supra, 98 N.J. Eq. at 96-97 (partition; curtesy interest protected); Turner v. Kuehnle, 71 N.J. Eq. 466, 480-481 (Ch. 1906), and 70 N.J. Eq. 61, 70 (Ch. 1905) (fraudulent collusion by husband to defeat his wife's dower interest); Vreeland v. Jacobus, 19 N.J. Eq. 231, 232 (Ch. 1868) (mortgage foreclosure).
Affirmed in part, reversed in part, and remanded for entry of a final order consistent herewith.
NOTES
[1] No attack is made on that part of the order which properly provided that plaintiff's judgment was a lien on any real property owned by defendant at the time the judgment was entered.
[2] N.J.S.A. 37:2-15 provides in relevant part:

All property ... which [is] the separate property of a married woman, shall not be subject to the disposal of her husband nor liable for his debts.
N.J.S.A. 37:2-11 provides that the real property of a married woman, however acquired, is her separate property.
[3] It should be noted, however, that the judgment creditor's lien is preserved against the bankrupt judgment debtor husband's interest in land he owns as a tenant by the entirety. Furnival Machinery Co. v. King, supra.